IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SKYHOOK WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| GOOGLE INC., | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Skyhook Wireless, Inc. ("Skyhook"), by and through its undersigned counsel, for its complaint against Google Inc. ("Google"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq*., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

## JURISDICTION AND VENUE

2.     This Court has personal jurisdiction over Google.  On information and belief, Google has committed acts of infringement in this District, regularly does and solicits business in Massachusetts, and has availed itself of the benefits and protections of Massachusetts law.

3.     Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because, among other reasons, Google is subject to personal jurisdiction in this

District, has a regular and established place of business in this District, and has committed acts of infringement in this District.

## THE PARTIES

4.      Skyhook is a Delaware corporation with its principal place of business at 34 Farnsworth Street, Boston, Massachusetts, 02210.

5.      Skyhook is informed and believes that Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

## COUNT I

## (Infringement of United States Patent No. 7,414,988)

6.      Skyhook incorporates by reference paragraphs 1 through 5 of this Complaint and realleges them as though fully set forth herein.

7.      On August 19, 2008, United States Patent No. 7,414,988, entitled "Server for Updating Location Beacon Database" (the "'988 patent"), issued to Russel Kipp Jones, Farshid Alizadeh-Shabdiz, Edward Jones Morgan, and Michael George Shean. Skyhook is the owner by assignment of the entire right, title, and interest in and to the '988 patent.  A copy of the '988 patent is attached as Exhibit A.

8.      Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '988 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products that embody one or more claims of the '988 patent, including at least the server containing what Google describes as its "WiFi location database."

9.      Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '988 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing products that embody one or more claims of the '988 patent in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including at least the server containing what Google describes as its "WiFi location database."  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '988 patent in violation of 35 U.S.C. § 271(a) by using infringing products that embody one or more claims of the '988 patent, including at least the server containing what Google describes as its "WiFi location database."

10.      Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '988 patent has been and continues to be willful.

11.      Unless enjoined by this Court, Google will continue to infringe the '988 patent.

12.      As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT II

### (Infringement of United States Patent No. 7,433,694)

13.      Skyhook incorporates by reference paragraphs 1 through 12 of this Complaint and realleges them as though fully set forth herein.

14.      On October 7, 2008, United States Patent No. 7,433,694, entitled "Location Beacon Database" (the "'694 patent"), issued to Edward James Morgan, Farshid

Alizadeh-Shabdiz, Russel Kipp Jones, and Michael George Shean.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '694 patent.  A copy of the '694 patent is attached as Exhibit B.

15.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '694 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products that embody one or more claims of the '694 patent, including at least what Google describes as its "WiFi location database."

16.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '694 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing products that embody one or more claims of the '694 patent in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including at least what Google describes as its "WiFi location database." Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '694 patent in violation of 35 U.S.C. § 271(a) by using infringing products that embody one or more claims of the '694 patent, including at least what Google describes as its "WiFi location database."

17.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '694 patent has been and continues to be willful.

18.     Unless enjoined by this Court, Google will continue to infringe the '694 patent.

19.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT III

### (Infringement of United States Patent No. 7,474,897)

20.     Skyhook incorporates by reference paragraphs 1 through 19 of this Complaint and realleges them as though fully set forth herein.

21.     On January 6, 2009, United States Patent No. 7,474,897, entitled "Continuous Data Optimization by Filtering and Positioning Systems" (the "'897 patent"), issued to Edward J. Morgan, Michael G. Shean, Farshid Alizadeh-Shabdiz, and Russel K. Jones.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '897 patent.  A copy of the '897 patent is attached as Exhibit C.

22.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '897 patent by, among other things, using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing location-based services systems that embody one or more claims of the '897 patent, including at least the system used by Google in providing what Google describes as its "location based services."

23.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '897 patent has been and continues to be willful.

24.     Unless enjoined by this Court, Google will continue to infringe the '897 patent.

25.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT IV

### (Infringement of United States Patent No. 7,305,245)

26.     Skyhook incorporates by reference paragraphs 1 through 25 of this Complaint and realleges them as though fully set forth herein.

27.     On December 4, 2007, United States Patent No. 7,305,245, entitled "Location-Based Services That Choose Location Algorithms Based on Number of Detected Access Points Within Range of User Device" (the "'245 patent"), issued to Farshid Alizadeh-Shabdiz, Russel Kipp Jones, Edward James Morgan, and Michael George Shean.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '245 patent.  A copy of the '245 patent is attached as Exhibit D.

28.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '245 patent by, among other things, using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing location-based services systems that embody one or more claims of the '245 patent, including at least the system used by Google in providing what Google describes as its "location based services."

29.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '245 patent has been and continues to be willful.

30.     Unless enjoined by this Court, Google will continue to infringe the '245 patent.

31.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Skyhook prays that the Court enter a judgment as follows:

A.     For a judicial determination that the patents at issue in this litigation are infringed by Google;

B.     For a judicial determination that the patents at issue in this litigation are valid and enforceable;

C.     For a judicial determination that Google's infringement of the patents at issue in this litigation is willful;

D.     For an order preliminarily and permanently enjoining Google, and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing, from further acts of infringement of the patents at issue in this litigation;

E.     For damages resulting from Google's infringement of the patents at issue in this litigation and the trebling of such damages because of the willful nature of Google's infringement;

F.     For an assessment of interest on damages;

G.     For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs in this action; and

H.      For such other and further relief as this Court deems just and

equitable.

## DEMAND FOR JURY TRIAL

Skyhook demands a jury trial for all issues so triable.

SKYHOOK WIRELESS, INC.

By its attorneys,


_____/s/ Thomas F. Maffei_____
Thomas F. Maffei (BBO 313220)
Douglas R. Tillberg (BBO 661573)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900
*tmaffei@gtmllp.com*
*dtillberg@gtmllp.com*

OF COUNSEL:

Morgan Chu
John C. Hueston
Samuel K. Lu
Ofer Bleiweiss
S. Albert Wang
Blake B. Greene
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010
*mchu@irell.com*
*jhueston@irell.com*
*slu@irell.com*
*obleiweiss@irell.com*
*awang@irell.com*
*bgreene@irell.com*

Dated:  September 15, 2010