**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SKYHOOK WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:10-cv-11571** |
| | ) | |
| GOOGLE INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT GOOGLE INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF
SKYHOOK WIRELESS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google Inc. ("Google") answers the Complaint for Patent Infringement

("Complaint") of Plaintiff Skyhook Wireless Inc. ("Skyhook"), and counterclaims as follows:

**NATURE OF THE ACTION**

1.      Google admits that Skyhook's Complaint purports to assert claims for patent

infringement, and that this Court has subject matter jurisdiction over such claims.  Google denies

the remaining allegations in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2.      Google admits this Court has personal jurisdiction over it for the purposes of this

matter.  Google denies remaining allegations in paragraph 2.

3.      Google denies that it has committed acts of infringement in this District or

otherwise.  Google admits the remaining allegations in paragraph 3.

**THE PARTIES**

4.      Google admits that Skyhook purports to be a Delaware corporation with its

principal place of business at 34 Farnsworth Street, Boston, Massachusetts, 02210.

5.      Google admits that it is a Delaware corporation with its principal place of

business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

## COUNT I

### (Infringement of United States Patent No. 7,414,988)

6.     Google incorporates by reference its answers to paragraphs 1 though 5 of the Complaint as though fully set forth herein.

7.     Google admits that United States Patent No. 7,414,988 ("the '988 Patent") lists August 19, 2008 as the issue date, identifies Russel Kipp Jones, Farshid Alizadeh-Shabdiz, Edward Jones Morgan, and Michael George Shean as the inventors, and is entitled "Server for Updating Location Beacon Database." Google also admits that a copy of the '988 Patent was attached to the Complaint. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Skyhook's Complaint and, therefore, denies the same.

8.     Google denies the allegations in paragraph 8.

9.     Google denies the allegations in paragraph 9.

10.    Google denies the allegations in paragraph 10.

11.    Google denies the allegations in paragraph 11.

12.    Google denies the allegations in paragraph 12.

## COUNT II

### (Infringement of United States Patent No. 7,433,694)

13.    Google incorporates by reference its answers to paragraphs 1 though 12 of the Complaint as though fully set forth herein.

14.    Google admits that United States Patent No. 7,433,694 ("the '694 Patent") lists October 7, 2008 as the issue date, identifies Edward Jones Morgan, Farshid Alizadeh-Shabdiz, Russel Kipp Jones, and Michael George Shean as the inventors, and is entitled "Location Beacon Database." Google also admits that a copy of the '694 Patent was attached to the Complaint. Google is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 14 of Skyhook's Complaint and, therefore, denies the same.

15.     Google denies the allegations in paragraph 15.

16.     Google denies the allegations in paragraph 16.

17.     Google denies that it has infringed or will continue to infringe the '694 Patent.
Google denies the remaining allegations in paragraph 17.

18.     Google denies the allegations in paragraph 18.

19.     Google denies that its conduct has directly or proximately caused Skyhook to
suffer irreparable injury or damages.  Google denies the remaining allegations in paragraph 19.

## COUNT III

## (Infringement of United States Patent No. 7,474,897)

20.     Google incorporates by reference its answers to paragraphs 1 though 19 of the
Complaint as though fully set forth herein.

21.     Google admits that United States Patent No. 7,474,897 ("the '897 Patent") lists
January 6, 2009 as the issue date, identifies Edward J. Morgan, Michael G. Shean, Farshid
Alizadeh-Shabdiz, and Russel K. Jones as the inventors, and is entitled "Continuous Data
Optimization by Filtering and Positioning Systems."  Google also admits that a copy of the '897
Patent was attached to the Complaint.  Google is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations in paragraph 21 of Skyhook's Complaint
and, therefore, denies the same.

22.     Google denies the allegations in paragraph 22.

23.     Google denies that it has infringed or will continue to infringe the '897 Patent.
Google denies the remaining allegations in paragraph 23.

24.     Google denies the allegations in paragraph 24.

25.     Google denies that its conduct has proximately or directly caused Skyhook to
suffer irreparable injury or damages.  Google denies the remaining allegations in paragraph 25.

A/73543132.1

## COUNT IV

### (Infringement of United States Patent No. 7,305,245)

26.     Google incorporates by reference its answers to paragraphs 1 though 25 of the Complaint as though fully set forth herein.

27.     Google admits that United States Patent No. 7,305,245 ("the '245 Patent") lists December 4, 2007 as the issue date, identifies Farshid Alizadeh-Shabdiz, Russel Kipp Jones, Edward J. Morgan, and Michael George Shean, as the inventors, and is entitled "Location-Based Services That Choose Location Algorithms Based on Number of Detected Access Points Within Range of User Device."  Google also admits that a copy of the '245 Patent was attached to the Complaint.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of Skyhook's Complaint and, therefore, denies the same.

28.     Google denies the allegations in paragraph 28.

29.     Google denies that it has infringed or will continue to infringe the '245 Patent. Google denies the remaining allegations in paragraph 29.

30.     Google denies the allegations in paragraph 30.

31.     Google denies that its conduct has directly or proximately caused Skyhook to suffer irreparable injury or damages.  Google denies the remaining allegations in paragraph 31.

## PRAYER FOR RELIEF

**WHEREFORE**, Google denies that Skyhook is entitled to any of the relief requested in its Prayer for Relief.

A.     Google denies that the patents at issue in this litigation are infringed by Google. Google denies that Skyhook is entitled to the relief requested in paragraph A.

B.     Google denies that the patents at issue in this litigation are valid.  Google denies that Skyhook is entitled to the relief requested in paragraph B.

C.     Google denies that the patents at issue in this litigation have been infringed, willfully or otherwise, by Google.  Google denies that Skyhook is entitled to the relief requested

4

in paragraph C.

     D.     Google denies that it has infringed or will continue to infringe the patents at issue. Google denies that Skyhook is entitled to the relief requested in paragraph D.

     E.     Google denies that the patents at issue in this litigation have been infringed willfully or otherwise by Google. Google further denies its conduct caused Skyhook any damage. Google denies that Skyhook is entitled to the relief requested in paragraph E.

     F.     Google denies that Skyhook is entitled to the relief requested in paragraph F.

     G.     Google denies that this case is exceptional pursuant to 35 U.S.C. § 285. Google denies that Skyhook is entitled to the relief requested in paragraph G.

     H.     Google denies that Skyhook is entitled to the relief requested in paragraph H.

## AFFIRMATIVE DEFENSES

Google alleges and asserts the following affirmative defenses in response to the allegations in Skyhook's Complaint:

## FIRST AFFIRMATIVE DEFENSE

32.     Google has not directly or indirectly infringed any valid and enforceable claim of the '988, '694, '897, and '245 Patents, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

33.     Each claim of the '988, '694, '897, and '245 Patents is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §1, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**WHEREFORE**, Google asks this Court to dismiss Skyhook's action against Google and enter judgment that Skyhook take nothing on its claims against Google and award Google its attorneys' fees and costs of defending this action and such other and further relief as it may be entitled.

A/73543132.1

## COUNTERCLAIMS

Google asserts the following counterclaims against Skyhook:

## NATURE OF THE ACTION

34.     This is an action for a judgment declaring the '988, '694, '897, and '245 Patents invalid and not infringed.

## THE PARTIES

35.     Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

36.     According to its Complaint, Skyhook is a Delaware corporation with its principal place of business at 34 Farnsworth Street, Boston, Massachusetts, 02210.

## JURISDICTION AND VENUE

37.     Google's counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.* and seek declaratory relief for which this Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 and 281, and 28 US.C. §§ 1331, 1338, 2201, and 2202.

38.     An actual justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement and validity of the '988, '694, '897, and '245 Patents.

39.     The Court has personal jurisdiction over Skyhook by virtue of its filing of this action.

40.     To the extent that this action remains in this District, venue is appropriate for Google's counterclaims because Skyhook has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

## FIRST COUNTERCLAIM

## DECLARATION OF NON-INFRINGEMENT

41.     Google re-alleges and incorporates by reference the allegations of paragraphs 34 through 40 as if fully set forth herein.

A/73543132.1

42.     An actual and justiciable controversy exists between Google and Skyhook with respect to the '988, '694, '897, and '245 Patents.  Absent a declaration of non-infringement, Skyhook will continue to wrongfully assert the '988, '694, '897, and '245 Patents against Google, and thereby cause Google irreparable injury and damage.

43.     Google does not infringe any valid claim of the '988, '694, '897, or '245 Patents, either literally or under the doctrine of equivalents, and Google has not actively induced or contributed to the infringement of the '988, '694, '897, or '245 Patents; and, Google is entitled to a declaration to that effect.

## SECOND COUNTERCLAIM

## DECLARATION OF INVALIDITY

44.     Google re-alleges and incorporates by reference the allegations of paragraphs 34 through 43 as if fully set forth herein.

45.     An actual and justiciable controversy exists between Google and Skyhook with respect to the validity of the '988, '694, '897, and '245 Patents.  Absent a declaration of invalidity, Skyhook will continue to wrongfully assert the '988, '694, '897, and '245 Patents against Google, and thereby cause Google irreparable injury and damage.

46.     The '988, '694, '897, and '245 Patents are invalid under the provisions of Title 35, United States Code, including, but not limited to, one or more of Sections 101, 102, 103, and/or 112; and, Google is entitled to a declaration to that effect.

## PRAYER

**WHEREFORE**, Google prays that the Court enter judgment:

47.     Dismissing the Complaint with prejudice;

48.     Declaring that Google does not infringe or contribute to or induce infringement of the claims of the '988, '694, '897, and '245 Patents, either literally or under the doctrine of equivalents;

49.     Declaring that the claims of the '988, '694, '897, and '245 Patents are invalid;

50.     Enjoining Skyhook from litigating any action in any other court against Google or

its customers for infringement of the '988, '694, '897, and '245 Patents on the same factual bases;

51. Awarding Google its attorneys' fees and costs of litigating this action; and

52. Granting such other and further relief to Google that this Court deems just and proper.

Google reserves the right to amend its Answer and Counterclaims to raise additional affirmative defenses and counterclaims as warranted by subsequent investigation and/or analysis.

### JURY DEMAND

Google demands a trial by jury on all issues presented in this Answer and Counterclaims.

DATED: October 29, 2010                    Respectfully submitted,

/s/ David M. Magee
Jonathan M. Albano (BBO No. 013850)
jonathan.albano@bingham.com
David M. Magee
david.magee@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726, U.S.A.
617.951.8000

Susan Baker Manning (*admitted pro hac vice*)
susan.manning@bingham.com
Robert C. Bertin (*admitted pro hac vice*)
r.bertin@bingham.com
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington DC 20006-1806, U.S.A.
202.373.6000

William F. Abrams (admitted pro hac vice)
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223, U.S.A.
650.849.4400

Attorneys for defendant Google Inc.

## <u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by federal express, on October 29, 2010.

 /s/  David M. Magee

David M. Magee, BBO # 652399

A/73543132.1