IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYHOOK WIRELESS, INC.,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | Case No. 1:10-cv-11571-RWZ |
| v.         ) | |
| ) | |
| GOOGLE INC.,         ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| Defendant.         ) | |
| ) | |
| ) | |

**PLAINTIFF SKYHOOK WIRELESS, INC.'S ANSWER
TO DEFENDANT GOOGLE INC.'S COUNTERCLAIMS**

Plaintiff Skyhook Wireless, Inc. ("Skyhook"), by and through its undersigned counsel, answers Defendant Google Inc.'s Answer and Counterclaims to Plaintiff Skyhook Wireless, Inc.'s Complaint for Patent Infringement (Dkt. No. 7) as follows:

**NATURE OF THE ACTION**

1. Answering the allegations of Paragraph 34, Skyhook admits that Google Inc. ("Google") asserts counterclaims seeking a declaratory judgment that U.S. Patent Nos. 7,414,988; 7,433,694; 7,474,897; and 7,305,245 (the "'988, '694, '897, and '245 patents," respectively) are invalid and not infringed. Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 34.

**THE PARTIES**

2. Answering the allegations of Paragraph 35, Skyhook is informed and believes and, on that basis, admits that Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

3. Skyhook admits the allegations of Paragraph 36.

**JURISDICTION AND VENUE**

4. Answering the allegations of Paragraph 37, Skyhook admits that Google's counterclaims arise under the patent laws of the United States and that Google seeks declaratory relief from this Court. Skyhook further admits that this Court has subject matter jurisdiction over Google's counterclaims. Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 37.

5. Skyhook admits the allegations of Paragraph 38.

6. Skyhook admits the allegations of Paragraph 39.

7. Answering the allegations of Paragraph 40, Skyhook admits that venue is appropriate in this Court because, among other reasons, Skyhook has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court. Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 40.

**FIRST COUNTERCLAIM**

**DECLARATION OF NON-INFRINGEMENT**

8 Answering the allegations of Paragraph 41, Skyhook incorporates by reference its responses to the allegations of Paragraphs 34-40 as though fully set forth herein.

9. Answering the allegations of Paragraph 42, Skyhook admits that an actual and justiciable controversy exists between Skyhook and Google with respect to the '988, '694, '897, and '245 patents. Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 42.

10. Answering the allegations of Paragraph 43, Skyhook denies each and every allegation set forth in Paragraph 43.

## SECOND COUNTERCLAIM

## DECLARATION OF INVALIDITY

11. Answering the allegations of Paragraph 44, Skyhook incorporates by reference its responses to the allegations of Paragraphs 34-43 as though fully set forth herein.

12. Answering the allegations of Paragraph 45, Skyhook admits that an actual and justiciable controversy exists between Skyhook and Google with respect to the '988, '694, '897, and '245 patents.  Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 45.

13. Answering the allegations of Paragraph 46, Skyhook denies each and every allegation set forth in Paragraph 46.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in Skyhook's Complaint for Patent Infringement (Dkt. No. 1), Skyhook prays that the Court enter a judgment as follows:

A. That Google take nothing by way of its Counterclaims; and

B. That Skyhook be awarded such other and further relief as the Court may deem appropriate.

## **JURY DEMAND**

Skyhook demands a jury trial for all issues so triable.

SKYHOOK WIRELESS, INC.

By its attorneys,

/s/ Thomas F. Maffei
Thomas F. Maffei (BBO 313220)
Daniel P. Tighe (BBO 556583)
Douglas R. Tillberg (BBO 661573)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900

OF COUNSEL:

Glenn K. Vanzura
Ofer Bleiweiss
S. Albert Wang
Blake B. Greene

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Morgan Chu (admitted pro hac vice)
John C. Hueston (admitted pro hac vice)
Samuel K. Lu (admitted pro hac vice)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Dated:  November 22, 2010

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 22, 2010.

/s/ Thomas F. Maffei