IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYHOOK WIRELESS, INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counterclaim-Defendant, ) | Case No. 1:10-cv-11571-RWZ |
| ) | |
| v. ) | **PLAINTIFF SKYHOOK WIRELESS,** |
| ) | **INC.'S PRELIMINARY** |
| GOOGLE INC., ) | **INFRINGEMENT DISCLOSURE** |
| ) | |
| Defendant and ) | **REDACTED VERSION** |
| Counterclaimant. ) | |
| ) | |

Pursuant to L.R. 16.6, plaintiff Skyhook Wireless, Inc. ("Skyhook") hereby submits its Preliminary Infringement Disclosure as to defendant Google Inc. ("Defendant"). Skyhook's investigation of Defendant's infringement is continuing, and the following disclosure is based on information currently available to Skyhook. Skyhook reserves the right to supplement or modify this disclosure as new information, through discovery or other investigation, becomes available.

## INTRODUCTION

This disclosure is made solely for the purpose of this action. This disclosure is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of statements contained herein if such disclosure were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Moreover, Skyhook's disclosure is given without prejudice to Skyhook's right to add to, modify, supplement, or amend its disclosure as additional facts are ascertained, analyses are made, research is completed, contentions are made, and claims are construed.

**PRELIMINARY INFRINGEMENT DISCLOSURE**

1.     <u>U.S. Patent No. 7,414,988 (the "'988 patent")</u>

Pursuant to L.R. 16.6, Skyhook identifies at least the following claims of the '988 patent as infringed by Google:  claims 1, 2 and 3.  Attached hereto as Exhibit A is a preliminary infringement disclosure chart identifying where each element or limitation of each asserted claim of the '988 patent is found within Google's products or methods.

Based on the information presently available to it, Skyhook alleges that the '988 patent is infringed by at least Google Location Services, including, but not limited to, Gears Geolocation API and its implementation in Toolbar, Chrome browser and Mozilla Firefox browser; Client Location Library, and its implementation in Mobile Search with My Location, Google Maps and Google Latitude; and Network Location Provider, and its implementation in the Android Operating System.

Skyhook contends and reasonably believes that each element of each asserted claim of the '988 patent is literally present in Defendant's products or methods.  If and to the extent any specific limitation of the asserted claim is found not to be presently literally, each such limitation is believed to be present under the doctrine of equivalents.

Skyhook makes these preliminary assertions based on the information presently available to it, and Skyhook expressly reserves the right to augment, supplement, and revise its identification of asserted claims and infringing products and services based on additional information obtained through discovery or otherwise, including, but not limited to, documents produced by Defendant in response to Skyhook's First Set of Requests for Production of Documents and L.R. 16.6.

2. <u>U.S. Patent No. 7,433,694 (the "'694 patent")</u>

Pursuant to L.R. 16.6, Skyhook identifies at least the following claims of the '694 patent as infringed by Google: claims 1 and 2. Attached hereto as Exhibit B is a preliminary infringement disclosure chart identifying where each element or limitation of each asserted claim of the '694 patent is found within Google's products or methods.

Based on the information presently available to it, Skyhook alleges that the '694 patent is infringed by at least Google Location Services, including, but not limited to, Gears Geolocation API and its implementation in Toolbar, Chrome browser and Mozilla Firefox browser; Client Location Library, and its implementation in Mobile Search with My Location, Google Maps and Google Latitude; and Network Location Provider, and its implementation in the Android Operating System.

Skyhook contends and reasonably believes that each element of each asserted claim of the '694 patent is literally present in Defendant's products or methods. If and to the extent any specific limitation of the asserted claim is found not to be presently literally, each such limitation is believed to be present under the doctrine of equivalents.

Skyhook makes these preliminary assertions based on the information presently available to it, and Skyhook expressly reserves the right to augment, supplement, and revise its identification of asserted claims and infringing products and services based on additional information obtained through discovery or otherwise, including, but not limited to, documents produced by Defendant in response to Skyhook's First Set of Requests for Production of Documents and L.R. 16.6.

3. <u>U.S. Patent No. 7,474,897 (the "'897 patent")</u>

Pursuant to L.R. 16.6, Skyhook identifies at least the following claims of the '897 patent as infringed by Google: claims 1, 2, 3 and 4. Attached hereto as Exhibit C is a preliminary

infringement disclosure chart identifying where each element or limitation of each asserted claim of the '897 patent is found within Google's products or methods.

Based on the information presently available to it, Skyhook alleges that the '897 patent is infringed by at least Google Location Services, including, but not limited to, Gears Geolocation API and its implementation in Toolbar, Chrome browser and Mozilla Firefox browser; Client Location Library, and its implementation in Mobile Search with My Location, Google Maps and Google Latitude; and Network Location Provider, and its implementation in the Android Operating System.

Skyhook contends and reasonably believes that each element of each asserted claim of the '897 patent is literally present in Defendant's products or methods.  If and to the extent any specific limitation of the asserted claim is found not to be presently literally, each such limitation is believed to be present under the doctrine of equivalents.

Skyhook makes these preliminary assertions based on the information presently available to it, and Skyhook expressly reserves the right to augment, supplement, and revise its identification of asserted claims and infringing products and services based on additional information obtained through discovery or otherwise, including, but not limited to, documents produced by Defendant in response to Skyhook's First Set of Requests for Production of Documents and L.R. 16.6.

    4.    <u>U.S. Patent No. 7,305,245 (the "'245 patent")</u>

Pursuant to L.R. 16.6, Skyhook identifies at least the following claims of the '245 patent as infringed by Google:  claims 1, 2, 4, 5, 6 and 8.  Attached hereto as Exhibit D is a preliminary infringement disclosure chart identifying where each element or limitation of each asserted claim of the '245 patent is found within Google's products or methods.

Based on the information presently available to it, Skyhook alleges that the '245 patent is infringed by at least Google Location Services, including, but not limited to, Gears Geolocation API and its implementation in Toolbar, Chrome browser and Mozilla Firefox browser; Client Location Library, and its implementation in Mobile Search with My Location, Google Maps and Google Latitude; and Network Location Provider, and its implementation in the Android Operating System.

Skyhook contends and reasonably believes that each element of each asserted claim of the '245 patent is literally present in Defendant's products or methods.  If and to the extent any specific limitation of the asserted claim is found not to be presently literally, each such limitation is believed to be present under the doctrine of equivalents.

Skyhook makes these preliminary assertions based on the information presently available to it, and Skyhook expressly reserves the right to augment, supplement, and revise its identification of asserted claims and infringing products and services based on additional information obtained through discovery or otherwise, including, but not limited to, documents produced by Defendant in response to Skyhook's First Set of Requests for Production of Documents and L.R. 16.6.

Respectfully submitted,

Skyhook Wireless, Inc.

By their attorneys

 */s/ Thomas F. Maffei*
Thomas F. Maffei (BBO 313220)
Douglas R. Tillberg (BBO 661573)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900
tmaffei@gtmllp.com
dtillberg@gtmllp.com

Of counsel:
Morgan Chu (pro hac vice)
John C. Hueston (pro hac vice)
Samuel K. Lu (pro hac vice)
Glenn K. Vanzura (pro hac vice)
Lina F. Somait (pro hac vice)
Linda C. Klein (pro hac vice)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010
mchu@irell.com
jhueston@irell.com
slu@irell.com
gvanzura@irell.com
lsomait@irell.com
lklein@irell.com

Dated:  February 14, 2011

## Certificate of Service

I, Thomas F. Maffei, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 14, 2011.

                                                           */s/ Thomas F. Maffei*
                                                            Thomas F. Maffei