# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYHOOK WIRELESS, INC.,<br><br>                    Plaintiff,<br>      v.<br><br>GOOGLE INC.,<br><br>                    Defendant. | CIVIL ACTION<br>NO. 10-cv-11571-RWZ |

## GOOGLE INC.'S PRELIMINARY NON-INFRINGEMENT CONTENTIONS

**REDACTED**

Pursuant to the Parties' December 7, 2010 Discovery Plan and Local Rule 16.6, defendant Google Inc. ("Google") hereby serves its Preliminary Non-infringement Disclosures for U.S. Patent Numbers 7,305,245 (the "'245 patent"), 7,414,988 (the "'988 patent"), 7,433,694 (the "'694 patent"), and 7,474,897 (the "'897 patent") (collectively, "the patents-in-suit") on plaintiff Skyhook Wireless, Inc. ("Skyhook").

## PRELIMINARY STATEMENT, RESERVATION OF RIGHTS, AND GENERAL OBJECTIONS

1. This preliminary disclosure is directed to non-infringement issues only and does not address invalidity, unenforceability, or claim construction issues. Google reserves all rights with respect to such issues.

2. These non-infringement contentions are preliminary, and are based on Google's current knowledge, understanding, and belief as to the facts and information available as of the date of these contentions. Discovery is ongoing and Google has not completed its investigation, discovery, or analysis of information related to this action. Google reserves the right to amend, modify and/or supplement its preliminary non-infringement disclosures.

3. Google is providing these preliminary non-infringement contentions prior to any claim construction ruling by the Court. Any non-infringement analysis depends, ultimately, upon claim construction, which is a question of law reserved for the Court. Google reserves the right to amend, supplement, or materially modify its non-infringement contentions after the claims have been construed by the Court. Google also reserves the right to amend, supplement, or materially modify its non-infringement contentions based on any claim construction positions that Skyhook may take in this case.

4. Google is providing these preliminary non-infringement contentions in response to Skyhook's Preliminary Infringement Contentions dated February 14, 2011. Google objects to

Skyhook's Preliminary Infringement Contentions on the ground that they fail to state a *prima facie* case of infringement. Much of the "evidence" cited by Skyhook is in fact irrelevant and does not purport to address the pertinent claim limitation. For example, Skyhook relies heavily—and, as to many limitations, solely—on information related to StreetView. StreetView is not accused of infringing, and in any case the evidence cited by Skyhook is irrelevant. As to numerous claim limitations, Skyhook's allegations are both conclusory and, to the extent relevant, based solely on "information and belief." *See id*. at clams 1(b), 1(d), 2 and 3 of the '988 patent, claim 1(b), 1(d), 1(e) and 2 of the '694 patent, and claim 3 of the '897 patent.

5. Google also objects to Skyhook's Preliminary Infringement Contentions on the ground that Skyhook did not fully identify, on a limitation by limitation basis, which claims of the patents-in-suit are allegedly infringed by the respective components of the accused product. *See Freedman Seating Co. v. American Seating Co.,* 420 F.3d 1350, 1358 (Fed. Cir. 2005), cert. denied, 126 S. Ct. 1167 (2006) ("the 'all limitations' 'rule holds that an accused product or process is not infringing unless it contains each limitation of the claim, either literally or by an equivalent.'"). In some cases, Skyhook did not identify any component as infringing a particular limitation. For example, with respect to claim 1 of the '988 patent, claim 1 of the '694 patent, and claim 1 of the '245 patent, Skyhook did not identify any component as implementing "a database of [calculated locations of] Wi-Fi access points" for a "target area." Google reserves the right to amend, supplement, or materially modify its non-infringement contentions to the extent that Skyhook modifies, clarifies, or changes its infringement allegations to make a *prima facie* assertion of infringement on a limitation by limitation basis.

6. Skyhook did not set out its contentions as to infringement under the doctrine of equivalents on a limitation by limitation basis. *See, e.g., Biogen, Inc. v. Berlex Laboratories,*

*Inc.*, 113 F. Supp. 2d 77, 107 (D. Mass. 2000) ("[T]he doctrine of equivalents must be applied not only to each discrete claim, but also to the individual elements of each claim, rather than the invention as a whole that each claim describes.") (*citing Warner Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997)). Google reserves the right to amend, supplement, or materially modify its non-infringement contentions to the extent that Skyhook modifies, clarifies, or changes its infringement allegations to make a *prima facie* assertion of infringement under the doctrine of equivalents on a limitation by limitation basis.

7. Skyhook has not accused Google of indirect infringement. Nor has it accused any third party of direct infringement, a necessary predicate to any accusation of indirect infringement by Google. Skyhook has thereby waived any claim that Google indirectly infringes under 35 U.S.C. § 271(b). Google's preliminary non-infringement contentions are therefore limited to Skyhook's direct infringement allegations.

8. Additionally, in its Complaint Skyhook failed to allege any facts that would entitle it to relief under 35 U.S.C. § 271(b). Google reserves its rights to move to dismiss the relevant portions of the Complaint and/or to strike the relevant portions of Skyhook's Infringement Contentions as inadequately pled.

## PRELIMINARY NON-INFRINGEMENT CONTENSIONS

### I.     Google Does Not Directly Infringe the Asserted Patents.

Skyhook accuses Google of directly infringing three claims of U.S. Patent No. 7,414,988, two claims of U.S. Patent No. 7,433,694, four claims of U.S. Patent No. 7,474,897, and six claims of U.S. Patent No. 7,305,245. Skyhook states that the accused instrumentality is "Google Location Services, including, but not limited to, Gears Geolocation API and its implementation in Toolbar, Chrome browser and Mozilla Firefox browser; Client Location Library, and its implementation in Mobile Search with My Location, Google Maps and Google Latitude; and Network Location Provider, and its implementation in the Android Operating System"

(collectively, the "accused products"). *See* Plaintiff Skyhook Wireless Inc.'s Preliminary Infringement Disclosures at 2-5 ("Skyhook's Infringement Contentions"). Skyhook contends that claims 1-3 of the '988 patent, claims 1-2 of the '694 patent, claims 1-4 of the '897 patent, and claims 1, 2, 4-6, and 8 of the '245 patent (collectively, "the asserted claims") are literally infringed or, alternatively, infringed under the doctrine of equivalents. *Id*.

For at least the reasons discussed herein Google does not infringe any asserted claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### A. Google Does Not Literally Infringe.

Google does not infringe the asserted claims of the patents-in-suit for at least the following reasons:

#### 1. The '988 Patent.

a. The accused products do not implement ▮▮▮▮▮▮▮▮▮▮ as required by claim 1 of the '988 patent.

b. The accused products do not implement a database that includes ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ as required by claim 1 of the '988 patent.

c. The accused products do not ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ as claimed by claim 1 of the '988 patent.

d. The accused products do not have ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████

████████████████████████ as required by claim 1 of the '988 patent.

e.  The accused products do not have ██████████████████████

██████████████████████████████████ as claimed by claim 1 of

the '988 patent;

f.  The accused products do not have ████████████████████

██████████████████████████

████████████████████████████████████

████ as claimed by claim 1 of the '988 patent;

g.  The accused products do not include ████████████████

██████████████████████████████████████ as claimed

by claim 2 of the '988 patent.

h.  The accused products do not include ████████████████

██████████████████████████████████████ as claimed by

claim 3 of the '988 patent.

i.  The accused products do not include ████████████████

████████████████████████████████████

████████████████████████████

██████████████████████████████ as claimed by

claim 3 of the '988 patent.

### 2. The '694 Patent

a.  The accused products do not implement ████████████████

██████████████████████████████████ as required by

claim 1 of the '694 patent.

b. The accused products do not implement a database that includes ▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ as required by claim 1 of the '694 patent.

c. The accused products do not ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ as claimed by claim 1 of the '694 patent.

d. The accused products do not obtain ▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ as claimed by claim 1 of the '694 patent.

e. The accused products do not have ▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅ as claimed by claim 1 of the '694 patent.

f. The accused products do not implement a ▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ as claimed by claim 2 of the '694 patent.

### 3. The '897 Patent.

a. The accused products do not ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ as claimed by claim 1 of the '897 patent;

b. The accused products do not ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ as claimed by claim 1 of the '897 patent;

    c.   The accused products do not " ███████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████ as claimed by claim 1 of the '897 patent;

    d.   The accused products do not ███████████████████████ ███████████████████ as claimed by claim 2 of the '897 patent;

    e.   The accused products do not ███████████████████████ ███████████████████████████████████████ ███████████████████████████ as claimed by claim 3 of the '897 patent; and

    f.   The accused products do not include ███████████████████ ███████████████████████████████ ███████████████████████████ ███████████████████████████████ ██████████ as claimed by claim 4 of the '897 patent.

### 4.  The '245 Patent.

    a.   The accused products do not implement a ███████████████████ ███████████████████████████████████████ ███████████████████████████████ as claimed by claim 1 of the '245 patent.

    b.   The accused products do not ███████████████████████ ███████████████████ as claimed by claim 1 of the '245 patent.

    c.   The accused products do not ███████████████████████ ███████████████████████████████████████ as claimed by claim 1 of the '245 patent.

d.  The accused products do not have ███████████████████████████ ████████████████████████ as claimed by claim 1 of the '245 patent.

e.  The accused products do not use ████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ as claimed by claim 1 of the '245 patent.

f.  The accused products do not do not ████████████████████████ ████████████ as claimed by claim 6 of the '245 patent.

g.  The accused products do not ██████████████████████ as claimed by claim 8 of the '245 patent.

\* \* \*

To elaborate on the above distinctions, first, the accused products do not have ████████ ███████████████████████████████ The accused products do not implement a ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ █.

Second, the accused products do not include ████████████████████████ ██████████████████ Skyhook has failed to put forth a *prima facie* case of infringement with regard to this claim limitation. Specifically, Skyhook has failed to provide any support for its allegation that ████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████ Therefore, the accused products do not implement the ██████████████████████████████████████ ████████████████████.

Third, the accused products do not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The accused products do not obtain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Additionally, the accused products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Skyhook has failed to put forth a *prima facie* case of infringement with regard to these claim limitations. Specifically, Skyhook has failed to provide any support for its allegation that the accused products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and does not in fact even address the fact that the accused products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Fourth, Skyhook has chosen to express numerous elements as a means or step for performing a function without any recital in the claim of structure, material or acts. The accused products do not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For example, Google is informed and believes that accused products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Google's products therefore do not infringe that patent.

Fifth, Skyhook did not identify a component of an accused product that includes "computer-implemented clustering logo to identify position information based on error prone GPS information." It is not clear from Skyhook's contentions what it contends constitutes "error prone GPS information" within the meaning of claim 2 of the '988 patent.

Sixth, the accused products do not "███████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████. The accused products do not ████████████████████████
████████████████████████████████████████████ Therefore, these elements are not met.

Seventh, the accused products do not "██████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████ The accused products do not ██████████████
████████████████████████████████████████████████████████████████

Eighth, the accused products do not ███████████████████████████
████████████████████████████████████████████. Skyhook has failed to put forth a prima *facie case* of infringement with regard to this claim limitation. Skyhook did not fully identify, on a limitation by limitation basis, which claims are allegedly infringed by the respective components of the accused product. Specifically, Skyhook did not identify any accused component that "calculat[es] the signal strength of the messages received by the Wi-Fi

access points." In contrast, the accused products do not [REDACTED].

Ninth, the accused products do not have [REDACTED] as required by in the '245 patent. The accused products may not [REDACTED].

Finally, the accused products do not infringe the asserted dependent claims of the patents in suit for at least the reasons stated above with regard to the independent claims of the asserted patents, and therefore cannot infringe any claim depending therefrom.

### B. Google Does Not Infringe Under the Doctrine of Equivalents.

Skyhook makes the conclusory assertion that Google infringes under the doctrine of equivalents. Skyhook's Infringement Contentions at 2-5. Skyhook fails, however, to identify which particular limitations are present under the doctrine of equivalents, or state its contentions as to how the differences between each limitation and the accused products are either insubstantial or how the accused products perform substantially the same function as the claimed limitation in substantially the same way to achieve substantially the same result. Google therefore objects to Skyhook's purported assertion of the doctrine of equivalents as facially insufficient. Google reserves its rights to move to strike the relevant portions of Skyhook's Infringement Contentions.

Subject to its objections, and without waiving any objections, Google states that the accused products do not infringe either literally or under the doctrine of equivalents because the above noted differences between the accused products and the patents-in-suit are substantial, and the accused products do not perform substantially the same function in substantially the same way to achieve substantially the same result as the claimed limitations.

Moreover, the applicants specifically disclaimed [REDACTED].

███████████████████████████████████████████████████████████

██████████ *See, e.g.,* GSHFED_0000183 and GSHFED_0000297. Skyhook is estopped from trying to recapture through the doctrine of equivalents subject matter dedicated to the public and/or surrendered during prosecution. Because Google ██████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████ it does not infringe literally or under the doctrine of equivalents for at least the reasons noted herein.

| | |
|---|---|
| Dated: April 15, 2011 | Google Inc., |
| | By its attorneys, |
| | s/ Jonathan M. Albano |
| | Jonathan M. Albano, BBO #013850<br>jonathan.albano@bingham.com<br>BINGHAM McCUTCHEN LLP<br>One Federal Street<br>Boston, MA 02110-1726, U.S.A.<br>617.951.8000 |
| | William F. Abrams (*pro hac vice*)<br>william.abrams@bingham.com<br>BINGHAM McCUTCHEN LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303-2223<br>650.849.4400 |
| | Susan Baker Manning (*pro hac vice*)<br>susan.manning@bingham.com<br>Robert C. Bertin (*pro hac vice*)<br>robert.bertin@bingham.com<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, NW<br>Washington, DC 20006-1806<br>202.373.6000 |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2011, I served the forgoing Google, Inc.'s Preliminary Non-Infringement Contentions via email to the following:

Thomas F. Maffei
Griesinger, Tighe & Maffei, LLP
Suite 400
176 Federal Street
Boston, MA 02110
Telephone:  617-542-9900
Facsimile:  617-542-0900
tmaffei@gtmllp.com

John C. Hueston
Irell & Manella
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Telephone:  310-277-1010
jhueston@irell.com

Douglas R. Tillberg
Griesinger, Tighe & Maffei, LLP
Suite 400
176 Federal Street
Boston, MA 02110
Telephone:  617-542-9900
Facsimile:  617-542-0900
dtillberg@gtmllp.com

Samuel K. Lu
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Telephone:  310-277-1010
slu@irell.com

Morgan Chu
Irell & Manella, LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Telephone:  310-277-1010
mchu@irell.com

/s/ Susan B. Manning
susan.manning@bingham.com