# EXHIBIT A

UNITED STATES DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SKYHOOK WIRELESS, INC.,

        Plaintiff,

    v.

GOOGLE INC.,

        Defendant.

Civil Action No.1:10-cv-11571-RWZ

## [PROPOSED] PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 2.   DEFINITIONS

2.1.   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.   "CONFIDENTIAL" Information or Items:  information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including information that a Producing Party, including any Party to this action and any Non-Party producing information or material

voluntarily or pursuant to a subpoena or a court order, considers in good faith to constitute confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

2.3.   Counsel:  Designated House Counsel and Outside Counsel of Record (as well as the support staff of said Outside Counsel of Record).

2.4.   Designated House Counsel: one (1) House Counsel for each Receiving Party with responsibility for managing this litigation, who may have access to "CONFIDENTIAL" information.

2.5.   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.6.   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8.   The State Action:  The action entitled *Skyhook Wireless, Inc. v. Google Inc.*, Civil Action No. 2010-03652-BLS1, pending in the Suffolk Superior Court for the Commonwealth of Massachusetts.

A/73659221.16

2.9.    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY means CONFIDENTIAL INFORMATION that constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, confidential information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.  In determining whether information should be designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, each Party agrees to use such designation in good faith.

2.10.   "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11.   House Counsel:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12.   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13.   Outside Counsel of Record:  attorneys (including those admitted *pro hac vice*) who are not employees of a Party to this action but are retained to represent or advise a

- 3 -

Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.14.   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.15.   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16.   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17.   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.18.   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   **<u>SCOPE</u>**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party

- 4 -

prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action and in the State Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this action and in the State Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

- 5 -

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" to each page that contains Protected Material, or in the case of native documents, the Producing Party shall in some other way clearly designate Disclosure or Discovery material that qualifies for protection under this Order.

A Party or Non-Party that makes original documents or materials (such as source code) available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") to each page that contains Protected Material, or in the case of native documents, the Producing Party shall in some other way clearly designate Disclosure or Discovery material that qualifies for protection under this Order.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or

A/73659221.16

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety

- 7 -

unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

(d)     for information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraphs 5.2(a)-(c), that the Producing Party inform the Receiving Party of the designation in writing.

5.3.    Failures to Designate.  If timely corrected, a failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

- 8 -

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 7 business days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper.  The Designating Party may have 3 business days after the date of the conference to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  If the volume of documents whose designation is being challenged under this process is large, the timelines set forth above may be reasonably adjusted by agreement of the parties.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion for (a) a protective order under Federal Rule of Civil Procedure 26(c), or (b) impoundment in accordance with Local Rule 7.2,  within 14 calendar days of the parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with prosecuting, defending, or attempting to settle this action.  Protected Material disclosed or produced in the State Action is deemed disclosed or produced in this action and is subject to this Protective Order to the extent it differs from the Stipulated Protective Order in the State Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Notwithstanding the foregoing provision, however, "Confidential" material disclosed or produced in the State Action, and therefore deemed produced in this action, may be disclosed consistent with requirements of § 7.2(b) of the State Court protective order and "Highly Confidential — Attorneys' Eyes Only" material disclosed or produced in the State Action, and therefore deemed produced in this action, may be disclosed consistent with requirements of § 7.3(a) of the State Court protective order.  For the avoidance of doubt, Protected Material disclosed or produced only in this Federal Action is not deemed disclosed or produced in the State Action.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below ("FINAL DISPOSITION").

All produced Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

- 10 -

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     one (1) Designated House Counsel, who is a member of at least one state bar in good standing, with responsibility for managing this litigation;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and their regularly employed support personnel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  In no event will mock jurors being shown such material more than three months prior to the scheduled trial date in this Action; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

- 11 -

(b)     the court and its personnel;

(c)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(d)     Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) as to whom the procedures set forth in paragraph 7.4, below, have been followed, and their regularly employed support personnel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(f)     Except as may be otherwise ordered by the court, any person may be examined as a witness at deposition and may testify concerning all Protected Information of which such person has prior knowledge.

7.4.    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items to Experts.</u>

(a)     Information designated by the Producing Party under any category of Protected Material and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts (as defined in this Order) and their necessary support personnel.

(b)     No disclosure of Protected Material to an Expert adviser or their necessary support personnel shall occur until (i) that person has signed the form attached hereto as Exhibit A; (ii) a signed copy has been provided to the Producing Party; and (iii) to the extent there has

- 12 -

been an objection under paragraph 7.4(c), that objection has been resolved as provided for below.

(c)     A Receiving Party desiring to disclose Protected Material to an Expert shall also give prior written notice by email to the Producing Party, who shall have ten (10) business days after such notice is given to object in writing.  At the time the written notice is given, the Receiving Party desiring to disclose Protected Material to an Expert must provide the following information, for each Expert to whom disclosure is sought: name, address, curriculum vitae, current employer, employment history for the past five years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or applications for patents in which the Expert is identified as an inventor or applicant, which the Expert is involved in the prosecution or maintenance thereof, or any patents or patent application in which the Expert has any pecuniary interest.  No Protected Material shall be disclosed to such Expert(s) or supporting personnel until after the expiration of the foregoing notice period.

(d)     A Party objecting to disclosure of Protected Material to an Expert shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  The objecting Party's consent to the disclosure of Protected Material to an Expert shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Material to the Expert will result in specific business or economic harm to that Party.

(e)     If after consideration of the objection, the Party desiring to disclose the Protected Material to an Expert refuses to withdraw the Expert, that Party shall provide notice to the objecting Party.  Thereafter, the objecting Party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the ten (10) business day period shall operate as an approval of disclosure of the Protected

- 13 -

Material to the Expert.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Material to the Expert.  This "good cause" shall include a particularized showing that: (1) the Protected Material is confidential commercial information, and (2) disclosure of the Protected Material would result in a clearly defined and serious injury to the objecting Party's business, and (3) the proposed Expert is in a position to allow the Protected Material to be disclosed to the objecting Party's competitors, or (4) that the Expert's access to Protected Material may create other confidentiality or business risks in connection with other-interests tied to the Expert.

**8.    SOURCE CODE**

(a)    To the extent production of source code becomes necessary in this case, subject to the provisions below, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it constitutes confidential, proprietary or trade secret source code.  If the confidential, proprietary or trade secret source code is included within, but does not comprise the entirety of, other documents or tangible things, then, to the extent practicable, only that portion of the document or tangible thing that constitutes confidential, proprietary or trade secret source code may be designated as "HIGHLY CONFIDENTIAL - SOURCE CODE."

(1)    Source Code, to the extent requested with particularity by the Receiving Party and agreed to be provided by the Producing Party, shall be made available in fully searchable, native electronic format for inspection at either the Los Angeles or Boston offices of the Producing Party's Outside Counsel of Record in this action, at the Receiving Party's option.  Once such an inspection site is chosen by the Receiving Party, any such future inspections will take place at the same site absent agreement of the parties.  Source Code will be

- 14 -

loaded on a single, non-networked computer that is password protected and maintained in a

secure, locked area.  Use by the Receiving Party of any input/output device (*e.g.*, USB memory

stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer

containing the Source Code.  The computer containing Source Code will be made available for

inspection during regular business hours, upon reasonable notice to the Producing Party, which

shall not be less than 3 business days in advance of the requested inspection.

(2)     The Receiving Party's Outside Counsel of Record and/or Experts

may request that commercially available licensed software tools for viewing, searching, or

analyzing (but not for editing) source code be installed on the secured computer.  The Receiving

Party must provide the Producing Party with the CD or DVD containing such software tool(s) at

least four business days in advance of the inspection.  The Producing Party will not unreasonably

refuse to timely install the provided software on the computer containing Source Code.

(3)     The Receiving Party's Outside Counsel of Record and/or Expert

shall be entitled to take notes relating to the source code but may not copy the source code into

the notes.  The Receiving Party's Outside Counsel of Record and/or Expert may bring into the

inspection room and use electronic equipment, including laptops, that are reasonably necessary

for taking such notes, and for communications between and among the Receiving Party's

Outside Counsel of Record and/or Experts.  The Producing Party agrees to provide wired or

wireless Internet access near the inspection room for such electronic equipment, and to provide a

telephone land-line to the extent the Receiving Party is unable to use cellular telephones from

within the inspection room.   However, under no circumstances are Internet connected devices to

be used in the inspection room.  To the extent that the Receiving Party and/or its Experts bring

such devices with them, Internet connectivity will be disabled on such devices while in the

inspection room.  No copies of all or any portion of the source code may leave the room in which

- 15 -

the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(4)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary and in no event may the Receiving Party print more than 50 consecutive pages and no more than 1,000 pages of source code in aggregate during the duration of the case without prior written approval by the Producing Party or order of the Court.  Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the source code produced by the Producing Party in this action.  At the Receiving Party's request, up to two additional sets (or subsets) of printed source may be requested and provided by the Producing Party in a timely fashion.

(5)     If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within 5 business days.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Producing Party shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity.  Contested source code print outs need not be produced to the requesting Party until that matter is resolved by the Court.

(6)     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY

- 16 -

CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

      (7)    Any paper copies designated "HIGHLY CONFIDENTIAL-SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel of Record for the Receiving Party, (ii) the offices of outside Experts who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in secure location under the direct control of Counsel responsible for maintaining the security and confidentiality of the designated materials.

      (8)    A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log.

      (9)    Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session. Notwithstanding the foregoing, if it comes to the Producing Party's attention that any items are left in the room that the Producing Party reasonably believes may be or may contain work product and/or attorney-client privileged information, the Producing Party shall treat such items as work product and/or attorney-client privileged information and shall immediately notify the Receiving Party.

- 17 -

(10)     The Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The Receiving Party will not transmit any source code in any way from the location of the source code inspection.

(b)     Only the following individuals shall have access to "HIGHLY CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(1)     Outside Counsel of Record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(2)     Up to four (4) outside Experts per Party, pre-approved in accordance with Paragraphs 7.4(a)-(f) and specifically identified as eligible to access Source Code;

(3)     The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action;

(4)     While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received, or was directly involved in creating, modifying, or editing the source code, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

- 18 -

(c)     The Receiving Party's Outside Counsel of Record shall maintain a log of all copies of the source code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph g above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored;

(d)     Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF or photograph the code).  The Receiving Party may create an electronic copy or image of excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the source code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic images and paper copies of source code in its possession or in the possession of its retained Experts, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY

- 19 -

CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL-SOURCE CODE.

(f)      All paper copies of source code shall be securely destroyed if they are no longer in use.  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(g)      The Receiving Party's Outside Counsel of Record may only disclose a copy of the source code to individuals specified in section (a)(8) above (*e.g.*, source code may not be disclosed to in-house counsel).

## 9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation (excluding the State Action) that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" that Party must:

(a)      promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

- 20 -

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL - SOURCE CODE" before a determination by the court from

which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission.  The Designating Party shall bear the burden and expense of seeking protection in

that court of its confidential material - and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

another court.  If the Designating Party does not take steps to prevent disclosure of such

documents within ten business days of the date written notice is received, such notice to be

provided by overnight courier with delivery signature required, the Party to whom the referenced

subpoena is directed may produce such documents in response thereto, provided that the Party

produce such documents subject to a similar form of protective order providing forms of

protection similar to those provided under this Protective Order.

## 10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-

Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."  Such

information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order.  Nothing in these provisions should be construed as

prohibiting a Non-Party from seeking additional protections.

(b)     A Non-Party's use of this Order to protect its Protected Information does

not entitle that Non-Party access to the Protected Information produced by any Party in this case.

(c)     In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(d)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons, to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

- 22 -

12.      **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**
**MATERIAL**

Production of documents or things containing Protected Information which are not
designated as one or more of the three categories of Protected Information at the time of
production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.
When a Producing Party gives notice in good faith to the Receiving Party that certain produced
material is subject to a claim of privilege or other protection, the Receiving Party must promptly
return or destroy the specified information and any copies it has; must not use or disclose the
information until the claim is resolved; must take reasonable steps to retrieve the information if
the Party disclosed it before being notified; and may promptly present the information to the
court under seal for a determination of the claim.  The Producing Party must preserve the
information until the claim is resolved.  This provision is not intended to modify whatever
procedure may be established in an e-discovery order that provides for production without prior
privilege review.  Insofar as the parties reach an agreement on the effect of disclosure of a
communication or information covered by the attorney-client privilege or work product
protection, the parties may incorporate their agreement in the protective order submitted to the
court.  An agreement on the effect of disclosure of a communication or information covered by
the attorney-client privilege or work product protection is binding on the parties to the
agreement, but not on other parties unless the agreement is incorporated into a court order.
Nothing in this section shall be used by the Producing Party to unduly or in bad faith delay the
litigation.

13.      **PROSECUTION BAR**

13.1.    Any person reviewing any of a Designating Party's HIGHLY
CONFIDENTIAL - ATTORNEY'S EYES ONLY material, or HIGHLY CONFIDENTIAL -
SOURCE CODE  (all of which shall also be referred to as "Prosecution Bar Materials") shall

- 23 -

not, for a period commencing upon receipt of such information and ending one year following

the conclusion of this case (including any appeals) engage in any Prosecution Activity (as

defined below) on behalf of a Party asserting a patent in this case or a Non-Party to this case.

Furthermore, any person reviewing any of Designating Party's Prosecution Bar Materials shall

not, for a period commencing upon receipt of such information and ending one year following

the conclusion of this case (including any appeals) engage in any Prosecution Activity involving

claims on a method, apparatus, or system that determines location using Wi-Fi access points.

   13.2. The following documents and materials shall not be eligible for

classification as Prosecution Bar Materials: (i) documents and information related only to

damages or reasonable royalty rates; (ii) publications, including patents and published patent

applications; (iii) materials regarding third party systems or products that were publicly known,

on sale, or in public use before February 22, 2005, unless such materials are designated as

PROSECUTION BAR materials by a third party; and (iv) information that is publicly available.

   13.3. Prosecution Activity shall mean: (1) prepare and/or prosecute any patent

application (or portion thereof), whether design or utility, and either in the United States or

abroad on behalf of a patentee or assignee of patentee's rights; (2) prepare patent claim(s) on

behalf of a patentee or assignee of patentee's rights, including but not limited to participation in

the preparation of modified or new patent claims during any reissue or reexamination

proceedings on behalf of a patentee or assignee of patentee's rights; or (3) provide advice,

counsel or suggestions regarding, or in any other way influencing, claim scope and/or language,

embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for

coverage by claim(s) on behalf of a patentee or assignee of patentee's rights.  For the avoidance

of doubt, participation in the analysis of a patent as originally issued or of Prior Art for the

purpose of any reissue or reexamination proceeding on behalf of a patentee or assignee of

patentee's rights shall not constitute Prosecution Activity.  Nothing in this paragraph shall

prevent any attorney from sending Prior Art or non-confidential discovery or Court filings (including, without limitation, interrogatory responses, contentions, summary judgment briefing, expert reports, and claim construction materials) to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art or non-confidential discovery or Court filings are submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  "Prior Art" shall be construed in accordance with the meaning given that term in Title 35 of the United States Code, and interpretations thereof provided by the federal judiciary.

14.     **MISCELLANEOUS**

14.1.     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any Party or person to seek its modification by written agreement of the parties or by the court.

14.2.     <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this  Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.     <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4.     <u>No Protective Material May Leave the United States of America</u>.  No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the

- 25 -

territorial limits of the United States of America is similarly prohibited.  Notwithstanding this
prohibition, Protected Material, exclusive of material designated "HIGHLY CONFIDENTIAL -
SOURCE CODE," may be taken outside the territorial limits of the United States if it is
reasonably necessary for a deposition taken in a foreign country.  The restrictions contained
within this paragraph may be amended through the consent of the Producing Party to the extent
that such agreed to procedures conform with applicable export control laws and regulations.

14.5.   Filing Protected Material.  All transcripts of depositions, exhibits, answers
to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been
designated as Protected Information, or which contain information so designated, shall be filed
under seal in a manner prescribed by the Court for such filings.  Without written permission from
the Designating Party or a court order secured after appropriate notice to all interested persons, a
Receiving Party may not file any Protected Material in the public record in this action or in the
State Action.  A Receiving Party that seeks to impound any Protected Material in this action
must comply with Local Rule 7.2.  Protected Material may only be impounded pursuant to a
court order authorizing the impoundment of the specific Protected Material at issue.  If a
Receiving Party's request to impound Protected Material under Local Rule 7.2 is denied by the
court, then the Receiving Party may not file the Protected Material in the public record unless
otherwise instructed by the court.

14.6.   Examination of Non-Party.  Non-Parties may be examined or testify
concerning any document containing Protected Information of a Producing Party which appears
on its face or from other documents or testimony to have been received from or communicated to
the Non-Party as a result of any contact or relationship with the Producing Party or a
representative of the Producing Party.  Any person other than the witness, his or her attorney(s),
or any person qualified to receive Protected Information under this Order shall be excluded from
the portion of the examination concerning such information, unless the Producing Party consents

- 26 -

to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

14.7.   <u>Right To Advise</u>.  Nothing herein shall preclude Outside Counsel of Record from using Protected Material to consult with, advise or counsel the Party it represents, provided, however, that nothing in this section 13.6 shall be construed to permit disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE otherwise prohibited by this Order.

14.8.   <u>Expert Discovery</u>.  Testifying Experts shall not be subject to discovery on any draft of their reports in this action or the State Action and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this action or the State Action are exempt from discovery.  In addition, all communications to and from a testifying Expert, and all materials generated by a testifying Expert with respect to that person's work, in connection with this action or the State Action, are exempt from discovery unless relied upon by the Expert in forming any opinions in this action or the State Action.

14.9.   <u>Privilege Log</u>.  No Party shall be required to identify on their respective privilege log any document or communication dated on or after September 15, 2010, which absent this provision, the Party would have been obligated to so identify on said privilege log.

14.10.   This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this

Order, when convenience or necessity requires.  Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.11.  The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Order.  After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Order shall be resolved by the United States District Court for the District of Massachusetts.

## 15.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Notwithstanding this provision, no party shall be required to return or destroy any Protected Material that may exist on any disaster recovery backup system.  Any such archival and/or backup copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Outside Counsel of Record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to Outside Counsel of Record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as HIGHLY CONFIDENTIAL - SOURCE CODE, the provisions of Paragraph 8 are controlling to the extent those provisions differ from this paragraph.

**IT IS SO ORDERED**

DATED:  _____     _____
                                                     Hon. Rya W. Zobel
                                                     United States District Judge

- 29 -

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address, including company name if applicable],

declare under penalty of perjury that I have read in its entirety and understand the Protective

Order that was issued by the United States District Court for the District of Massachusetts on

_____ [date] in the case of *Skyhook Wireless, Inc. v. Google Inc.*, Case No. 1:10-cv-

11571.  I agree to comply with and to be bound by all the terms of this Protective Order and

I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Massachusetts for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Massachusetts agent for service of process in connection with this action or any

proceedings related to enforcement of this Protective Order.


Date:_____

City and State where sworn and signed:_____

Printed name:_____
           [printed name]

Signature:_____
         [signature]

- 30 -