**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

SKYHOOK WIRELESS, INC.,

    Plaintiff and
    Counterclaim-Defendant,

   v.

GOOGLE INC.,

    Defendant and
    Counterclaimant.

Case No. 1:10-cv-11571-RWZ

**MEMORANDUM IN SUPPORT OF PLAINTIFF SKYHOOK WIRELESS, INC.'S
MOTION FOR ENTRY OF PROTECTIVE ORDER**

TABLE OF CONTENTS

Page

**I.**     FACTUAL BACKGROUND ............................................................................... 2

**II.**    ARGUMENT ...................................................................................................... 4

    **A.**   Legal Standard ....................................................................................... 4

    **B.**   There Is No Unacceptable Risk Of Inadvertent Disclosure Of Confidential Information Where Patent Claims Can Only Be Narrowed ............. 5

    **C.**   Denying Skyhook Its Choice Of Counsel Would Result in Significant Harm ............................................................................................. 7

    **D.**   Reexaminations Initiated By Defendant Or At Its Behest Challenging Skyhook's Patents Are "Part And Parcel" Of This Litigation ............................... 8

    **E.**   The Agreed-Upon Provisions Of The Protective Order Already Prevent Use Of Prosecution Bar Materials In Reexamination And Reissue Proceedings ........................................................................ 10

**III.**   CONCLUSION ................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*3M Co. v. Avery Dennison Corp.*,
    Civil No. 10-2630 (D. Minn. Feb. 2, 2011) ................................................................ 8

*Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp.*,
    Civil Action No. 08-307, 2009 WL 1035017 (W.D. Pa. April 17, 2009) ................... 5

*Document Generation Corp. v. Allscripts, LLC*,
    Civil Action No. 6:08-CV-479, 2009 WL 1766096 (E.D. Tex. June 23, 2009) .. 4, 5, 9

*Hochstein v. Microsoft Corp.*,
    No. 04-73071, 2008 WL 4387594 (E.D. Mich. Sept. 24, 2008) ................................ 8

*In Re Deutsche Bank Trust Co. Americas*,
    605 F.3d 1373 (Fed. Cir. 2010) ............................................................................... 4, 5

*Kenexa Brassring Inc. v. Taleo Corp.*,
    No. 07-521-SLR, 2009 WL 393782 (D. Del. Feb. 18, 2009) ................................. 7, 8

*Mirror Worlds, LLC v. Apple, Inc.*,
    No. 6:08 CV 88, 2009 WL 2461808 (E.D. Tex. Aug. 11, 2009) ......................... 5, 6, 9

*Pall Corp. v. Entegris, Inc.*,
    655 F. Supp. 2d 169 (E.D.N.Y. 2008) .................................................................... 5, 6

*Pharmachemie, B.V. v. Pharmacia, Inc.*, Civil Action No.
    95-40085-NMG, 1998 U.S. Dist. LEXIS 2192 (D. Mass. Jan. 30, 1998) ................... 4

*Shared Memory Graphics, LLC v. Apple, Inc.*,
    No. C-10-2475 VRW (EMC), 2010 WL 4704420 (N.D. Cal. Nov. 12, 2010) ........... 8

*Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*,
    No. C09-05897 RS (HRL), 2010 WL 3629830 (N.D. Cal. Sep. 14, 2010) ................. 8

*Xerox Corp. v. Google, Inc.*,
    270 F.R.D. 182 (D. Del. 2010) ........................................................................... 6, 7, 9

**Statutes**

35 U.S.C. § 251 ................................................................................................................. 6

35 U.S.C. § 305 ............................................................................................................. 5, 6

Page(s)

**Rules**

Fed. R. Civ. P. 26(c) .................................................................................................... 4

This is a patent infringement suit in which plaintiff Skyhook Wireless, Inc. ("Skyhook") alleges that defendant Google Inc. ("Defendant") infringes four Skyhook patents.  The parties agree that a protective order must be entered in this case, but disagree on the scope of the protective order.  Specifically, the parties disagree on whether individuals who have had access to Prosecution Bar Materials[1] (*e.g.*, Skyhook's outside litigation counsel) should be able to participate in reexamination or non-broadening reissue proceedings before the United States Patent and Trademark Office (the "PTO").

Defendant bears the burden of showing good cause for the inclusion of reexamination and non-broadening reissue proceedings in the prosecution bar.  But Defendant cannot meet this burden for a number of reasons.  First, participation in reexamination and non-broadening reissue proceedings by individuals who have reviewed Defendant's Prosecution Bar Materials does not create an unacceptable risk of inadvertent disclosure of confidential information.  This is true for two reasons:  (1) claims can only be narrowed during reexamination proceedings and (2) under the terms of Skyhook's proposed protective order, individuals who have reviewed Defendant's Prosecution Bar Materials may not participate in reissue proceedings that would broaden the scope of the claims.  Second, it would be fundamentally unfair to prevent Skyhook's outside litigation counsel from participating in reexamination proceedings initiated by Defendant or at Defendant's behest.  Such proceedings would essentially be part and parcel of the existing litigation between the parties.  Indeed, under Defendant's proposed protective order, Defendant's outside litigation counsel could participate in a contested *inter partes* reexamination proceeding, whereas Skyhook's outside litigation counsel could not.  Finally, the agreed-upon provisions of

---

[1] "Prosecution Bar Materials" is defined in the proposed protective order as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material or "HIGHLY CONFIDENTIAL – SOURCE CODE" material.

2417566                                     - 1 -

the protective order already safeguard Defendant's Prosecution Bar Materials by restricting their use solely to this litigation.

For these reasons, which are explained in greater detail below, Skyhook respectfully moves this Court to enter Skyhook's First Proposed Protective Order excluding reexamination and non-broadening reissue proceedings from the prosecution bar. (Ex. 1.[2]) In the alternative, Skyhook respectfully moves this Court to enter Skyhook's Second Proposed Protective Order excluding from the prosecution bar only reexamination proceedings challenging a patent initiated by or at the behest of one of the parties to this action. (Ex. 2.)

## I.   FACTUAL BACKGROUND

Skyhook and Defendant have been negotiating the terms of a stipulated protective order since January 21, 2011. (Ex. 3.) The parties have reached agreement on all provisions except whether individuals who have had access to Prosecution Bar Materials should be able to participate in reexamination or non-broadening reissue proceedings before the PTO.[3] Given the other restrictions in the protective order, the primary—and likely the only—individuals who would be affected by Defendant's proposed prosecution bar are Skyhook's outside litigation counsel.

Skyhook's outside litigation counsel is Irell & Manella LLP, led by Irell & Manella partners Morgan Chu and Samuel Lu. (Somait Aff. at ¶ 2.) Irell & Manella's Skyhook litigation team has studied Skyhook's patent portfolio, developing significant expertise in these patents and

---

[2] All citations in the form of "Ex. __" are to the exhibits to the Affidavit of Lina F. Somait in support of Skyhook's Motion for Entry of Protective Order.

[3] The protective order dispute also includes post grant opposition proceedings, which have been proposed but not adopted in past legislation. However, for purposes of this dispute, the parties consider post grant opposition proceedings to be the equivalent of reexamination proceedings.

2417566                                    - 2 -

their relationship to the prior art.  The team has also worked closely with Skyhook to understand Skyhook's goals and strategies for the enforcement of its patent portfolio.  (*Id*. at ¶ 3.)

Skyhook initially proposed a complete exclusion of reexamination and reissue proceedings from the prosecution bar proposed by the Defendant, with the following language to make the exclusion clear:  "For the avoidance of doubt, participation in any reissue or reexamination proceedings, whether on behalf of a patentee, an assignee of patentee's rights, a requester, or a challenger, shall not constitute Prosecution Activity."  (Ex. 4 at § 13.3.)  Defendant rejected this proposal, explaining that "[Defendant's] chief concern is that counsel with access to its confidential information not be able to use that information (even inadvertently) to reshape the claims of the patents."  (Ex. 5.)

Defendant's counter-proposal was to limit counsel's activities to addressing the scope of the prior art and its relevance to the claims as originally issued.  (*Id.*)  In an effort to reach compromise, Skyhook proposed narrowing its requested exclusion to only allow counsel to participate in reexamination proceedings initiated by or at the behest of a Party[4] challenging a patent.  (Ex. 6.)  Skyhook explained to Defendant that this would ensure that if Defendant were to expand the dispute between the parties to include a reexamination of a Skyhook patent, Skyhook would not be deprived of the counsel of its choosing.  (*Id.*)  The language proposed by Skyhook was as follows:

> Notwithstanding the foregoing, neither (1) participating in any reexamination or post-grant opposition proceeding in the United States initiated by or at the behest of a Party challenging a patent, whether on behalf of a patentee, an assignee of patentee's rights, a requester, or a challenger, nor (2) addressing the scope of the Prior Art and its relevance to the claims as originally issued during any

---

[4] "Party" is defined in the protective order as "any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel."

> reexamination, reissue, or post-grant opposition proceeding in the United States shall constitute Prosecution Activity.

(*Id.* at § 13.3.)  Defendant rejected this proposal and held to its position that counsel with access to confidential information may be involved in addressing prior art, but not in drafting new or amended claims.  (Ex. 7.)  Defendant proposed the following language:

> Prosecution Activity shall mean . . . prepare patent claim(s) on behalf of a patentee or assignee of patentee's rights, including but not limited to participate in the preparation of modified or new patent claims during any reissue or reexamination proceedings on behalf of a patentee or assignee of patentee's rights . . . .  For the avoidance of doubt, participation in the analysis of a patent as originally issued or of Prior Art for the purpose of any reissue or reexamination proceedings on behalf of a patentee or assignee of patentee's rights shall not constitute Prosecution Activity.

(*Id.* at § 13.3.)  The parties reached an impasse, and agreed to file simultaneous opening motions for entry of a protective order, to be followed by simultaneous oppositions.[5]  (Ex. 8.)

## II.  ARGUMENT

### A.  Legal Standard

"When parties to an action agree on entry of a protective order but differ on the order's terms, the party seeking to limit discovery bears the burden of demonstrating that 'good cause' exists for the protection of that information."  *Document Generation Corp. v. Allscripts, LLC*, Civil Action No. 6:08-CV-479, 2009 WL 1766096, at *2 (E.D. Tex. June 23, 2009); *see also In Re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (a party seeking to include a provision in a protective order "carries the burden of showing good cause" for its inclusion); *Pharmachemie, B.V. v. Pharmacia, Inc.*, Civil Action No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192, at *3-*4 (D. Mass. Jan. 30, 1998) (the party seeking the more restrictive

---

[5] The parties have agreed that the prosecution bar adopted by the court in this case will apply to certain discovery produced in the separate lawsuit between the parties pending before the Massachusetts Superior Court.

protective order bears the burden of showing good cause for its proposed, more restrictive protective order); Fed. R. Civ. P. 26(c). Thus, the burden is on Defendant to show good cause that a reexamination and non-broadening reissue bar is a necessary facet of the protective order's prosecution bar.

To show good cause here, Defendant must first demonstrate particular factual circumstances that create an <u>unacceptable</u> risk of inadvertent disclosure of confidential information: "The facts, not the category must inform the result." *Deutsche Bank*, 605 F.3d at 1379. To determine whether a reexamination or non-broadening reissue bar should be imposed to mitigate this risk, the Court must then "balance that risk against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Deutsche Bank*, 605 F.3d at 1380.

### B. There Is No Unacceptable Risk Of Inadvertent Disclosure Of Confidential Information Where Patent Claims Can Only Be Narrowed

The nature of reexamination proceedings creates little risk of inadvertent use of confidential information. Claims can only be narrowed during reexamination; thus, the risk of harm to a defendant is greatly limited. *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08 CV 88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009); *see also Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 173 (E.D.N.Y. 2008) (because the scope of the initial patent cannot be enlarged during reexamination, this "effectively mitigates the potential to misuse PTO procedures to gain a collateral business or litigation advantage, thereby rendering a prosecution bar in the reexamination context largely unnecessary"); *Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp.*, Civil Action No. 08-307, 2009 WL 1035017, at *2 (W.D. Pa. April 17, 2009) (acknowledging that the "the majority trend recognize[es] that the nature of the reexamination process mitigates against broadly stated concerns of unfair advantage"); *Document Generation*

*Corp.*, 2009 WL 1766096, at *2 (same); 35 U.S.C. § 305 ("No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding."). Any risk of confidential information being used in reexamination proceedings is not "unacceptable," because "no product that did not infringe a patent before reexamination could ever infringe that patent following reexamination."[6] *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. 2010).

Consequently, there is no concern that Skyhook could use Defendant's Prosecution Bar Materials to expand claim scope during reexamination proceedings to include any of Defendant's products that were not already covered by the patent. *See* 35 U.S.C. § 305. Moreover, Defendant has not articulated any specific factual circumstances that necessitate a reexamination or non-broadening reissue bar in this case. The only concern articulated by Defendant during the parties' negotiation of the protective order is that counsel with access to its confidential information should not be able to use that information (even inadvertently) to reshape the claims of the patents. (Exs. 5, 7.) However, amendments to Skyhook's patent claims during reexamination proceeding will necessarily result in narrower patent coverage, which would *benefit* Defendant in this infringement action. *See Pall Corp.*, 655 F. Supp. 2d at 176. Accordingly, Defendant's concern is unwarranted.

Additionally, there is minimal risk that Skyhook would use Defendant's confidential information to deliberately tailor its claims to target only Defendant's products because any such narrowing would be at the expense of the claims' read on other products made by other

---

[6] Although reissue proceedings may potentially expand claim scope if the proceedings occur within two years of a patent's issuance, 35 U.S.C. § 251, Skyhook agrees that broadening amendments should fall within the prosecution bar and seeks only to ensure that outside litigation counsel may participate in reissue proceedings that do not seek to expand claim scope,

companies, greatly diminishing the value of Skyhook's patents. *See Mirror Worlds*, 2009 WL 2461808, at *2 (reasoning that "it would be very short sighted for a patentee to intentionally limit claim scope to specifically capture one defendant's products at the expense of excluding other would-be infringers' products"); *Xerox Corp.*, 270 F.R.D. at 184-85 (rejecting argument that patentee would use confidential information to narrow claims to target defendant, finding that the patentee would still be motivated "to preserve the broadest possible reading of its claims").

### C. Denying Skyhook Its Choice Of Counsel Would Result in Significant Harm

This "attenuated risk of competitive misuse" of the defendant's information during reexamination proceedings is "outweighed" by the "significant" harm to the plaintiff from denying the plaintiff its choice of counsel. *Xerox Corp.*, 270 F.R.D. at 185; *see also Mirror Worlds, LLC*, 2009 WL 2461808, at *2 (holding that the risk of inadvertent misuse of defendant's confidential information did not outweigh the prejudice to plaintiff if the prosecution bar was applied to reexamination proceedings). "[I]n the complex and technical realm of patent litigation," a plaintiff "clearly has a strong interest in choosing its own counsel." *Xerox Corp.*, 270 F.R.D. at 185.

In the course of representing Skyhook in this litigation, Irell & Manella's Skyhook litigation team has "acquired expertise in the patents-in-suit" such that forcing Skyhook to rely on new, "less knowledgeable" counsel for reexamination would "increase costs and duplicate effort" by driving Skyhook to "split its resources between two fronts of the same war." *See id*. This is particularly true here because Skyhook is a small start-up company with only 27 employees (compared to Defendant's over 25,000 employees) that would have difficulty supporting the increased costs and duplicate efforts of two separate teams of attorneys litigating

---

along with any reexamination or post-grant opposition proceedings. As such, the same analysis

the same or similar issues in different venues.

Furthermore, a "defendant's confidential information is basically irrelevant to the reexamination" of a patent because the proceedings involve "only the patent and the prior art." *Kenexa Brassring Inc. v. Taleo Corp.*, No. 07-521-SLR, 2009 WL 393782, at *2 (D. Del. Feb. 18, 2009); *see also Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. C09-05897 RS (HRL), 2010 WL 3629830, at *4 (N.D. Cal. Sep. 14, 2010) (same); *Hochstein v. Microsoft Corp.*, No. 04-73071, 2008 WL 4387594, at *3 (E.D. Mich. Sept. 24, 2008) (same).  As such, Defendant cannot meet its burden of showing that there is an unacceptable risk of inadvertent disclosure of its confidential information.

### D. Reexaminations Initiated By Defendant Or At Its Behest Challenging Skyhook's Patents Are "Part And Parcel" Of This Litigation

The parties have been negotiating the protective order since January 21, 2011.  In an attempt to finally reach agreement and move forward with discovery, Skyhook offered to compromise on the prosecution bar.  Skyhook proposed adding an exemption that would allow counsel to participate in reexamination proceedings initiated by or at the behest of a Party challenging a patent.  (Ex. 6.)  Defendant rejected this proposal.

Courts have repeatedly acknowledged that reexamination proceedings initiated by a defendant challenging a plaintiff's patent are "part and parcel" of the litigation.  *See, e.g., Kenexa Brassring Inc.*, 2009 WL 393782, at *2 (finding request for *inter partes* reexamination of one of the patents-in-suit filed by defendant to be "part and parcel" of the litigation); *Hochstein*, 2008 WL 4387594, at *3 ("[R]eexamination initiated by Defendant Microsoft is not outside of the litigation, it is part and parcel of the instant case."); *3M Co. v. Avery Dennison Corp.*, Civil No. 10-2630 (D. Minn. Feb. 2, 2011) (the Court agreed with plaintiff's reasoning that the litigation

---

regarding reexamination bars should also apply to reissue bars in this context.

and reexamination initiated by defendant were two aspects of the same dispute in different forums, and it would be unfair to bar the lawyers working on the litigation from participating in the reexamination); *Shared Memory Graphics, LLC v. Apple, Inc.*, No. C-10-2475 VRW (EMC), 2010 WL 4704420, at *14-*15 (N.D. Cal. Nov. 12, 2010) (allowing participation in reexamination initiated by the opposing party because it "limits any tactical advantage Defendants might seek to gain by initiating reexamination proceedings and forcing [Plaintiff] to obtain new and additional counsel therein").  Furthermore, Skyhook has an interest in maintaining a coherent and consistent litigation strategy for its patent family, which would be difficult if Skyhook were represented by multiple independent counsel constrained from communication with one another.  *See Xerox Corp.*, 270 F.R.D. at 185 (recognizing that reexamination proceedings are essentially part of the litigation and that the plaintiff "has a legitimate interest in formulating a coherent and consistent litigation strategy" before the Court and the PTO).

To bar Irell & Manella's Skyhook litigation team from participating in reexaminations initiated by Defendant would endorse a policy "that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys." *See Mirror Worlds, LLC*, 2009 WL 2461808, at *2.  This would permit, for example, Defendant's outside litigation counsel to participate in a contested *inter partes* reexamination, but would preclude Skyhook's outside litigation counsel from doing the same.  An appropriate protective order should not enable such tactics, especially given the disparity in resources between Skyhook and the Defendant.

### E. The Agreed-Upon Provisions Of The Protective Order Already Prevent Use Of Prosecution Bar Materials In Reexamination And Reissue Proceedings

In *Document Generation Corp.* and *Mirror Worlds*, the Court based its decision that defendant did not show good cause for including reexaminations within the prosecution bar in part on other safeguards in the protective order, including a provision preventing the use of confidential information for any purpose other than in connection with the litigation. *Document Generation Corp.*, 2009 WL 1766096, at *3; *Mirror Worlds*, 2009 WL 2461808, at *1-*2. Here, the agreed-upon provisions of the Protective Order restrict Skyhook's use of Defendant's Protected Material[7] to "prosecuting, defending, or attempting to settle this action." (Exs. 1, 2 (Protective Order § 7.1).) Thus, Skyhook and its counsel are already prohibited from deliberately using Defendant's Prosecution Bar Materials in reexamination or reissue proceedings. Skyhook could not use Defendant's confidential information to deliberately tailor its claims to target Defendant's products without violating this provision in the protective order. Furthermore, there is minimal risk that Skyhook would do so inadvertently, because this sort of narrowing would be at the expense of excluding other would-be infringers' products.

### III. CONCLUSION

Defendant cannot meet its burden of showing good cause for including a reexamination and non-broadening reissue bar in the protective order's prosecution bar. Because claims can only be narrowed during reexamination, and Skyhook is only seeking to participate in reissue

---

[7] "Protected Material" is defined in the protective order as "any Disclosure or Discovery Material that is designated as 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY,' or as 'HIGHLY CONFIDENTIAL - SOURCE CODE.'" "Disclosure or Discovery Material" is defined as "all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter."

proceedings that do not seek to broaden claim scope, the risk of harm to Defendant from misuse of its Prosecution Bar Materials is minimal.  This risk is further minimized by the agreed-upon provision restricting use of Protected Material to this litigation.  Any such minimal risk is greatly outweighed by the significant harm to a small company like Skyhook from being denied counsel of its choice.  Therefore, Skyhook respectfully requests the Court enter Skyhook's First Proposed Protective Order, which excludes reexamination and non-broadening reissue proceedings from the prosecution bar.  Alternatively, Skyhook requests the Court enter Skyhook's Second Proposed Protective Order that only allows participation in reexaminations initiated by or at the behest of a Party challenging a patent.  Reexamination proceedings initiated by or at the behest of a Party challenging a patent are part and parcel of this litigation; accordingly, outside litigation counsel should not be barred from participating in such proceedings.

                        Respectfully submitted,

                        Skyhook Wireless, Inc.

                        By their attorneys

                        */s/ Thomas F. Maffei*_____
                        Thomas F. Maffei (BBO 313220)
                        Douglas R. Tillberg (BBO 661573)
                        GRIESINGER, TIGHE & MAFFEI, LLP
                        176 Federal Street
                        Boston, Massachusetts 02110
                        (617) 542-9900
                        tmaffei@gtmllp.com
                        dtillberg@gtmllp.com

Of counsel:
Morgan Chu (pro hac vice)
John C. Hueston (pro hac vice)
Samuel K. Lu (pro hac vice)
Glenn K. Vanzura (pro hac vice)
Lina F. Somait (pro hac vice)
Linda C. Klein (pro hac vice)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010
mchu@irell.com
jhueston@irell.com
slu@irell.com
gvanzura@irell.com
lsomait@irell.com
lklein@irell.com

Dated:  May 25, 2011

## **Certificate of Service**

I, Thomas F. Maffei, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 25, 2011.

*/s/ Thomas F. Maffei*
Thomas F. Maffei