UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYHOOK WIRELESS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOOGLE INC., )<br>)<br>Defendant. )<br>)<br>GOOGLE INC., )<br>)<br>Counterclaim-Plaintiff, )<br>)<br>v. )<br>)<br>SKYHOOK WIRELESS, INC., )<br>)<br>Counterclaim-Defendant. )<br>) | CIVIL ACTION<br>NO. 1:10-cv-11571-RWZ |

## EMERGENCY MOTION TO PRECLUDE PRESENTATIONS BY FACT WITNESS AT THE TECHNOLOGY TUTORIAL

Plaintiff and Counterclaim-Defendant Skyhook Wireless, Inc. ("Skyhook") intends to have a fact witness, Ted Morgan, the principal of Skyhook and the inventor of the patents-in-suit, present Skyhook's technology tutorial on October 21, 2011. Defendant and Counterclaim-Plaintiff Google, Inc. ("Google") previously objected to Skyhook's use of an unsworn fact witness, and Skyhook agreed that its presentation, like Google's, would be by counsel. Unfortunately, late yesterday (October 13), minutes before filing the Local Rule 16.6 Joint Claim Construction and Prehearing Statement (Doc. No. 62), Skyhook said that it retracted its agreement, and did intend to have a fact witness make its presentation at the technology tutorial.

Google thus brings this Emergency Motion and requests that the Court preclude Skyhook from having a fact witness make a presentation at the scheduled October 21, 2011 technology tutorial. In support of this motion, Google states as follows:

1. In their Joint Statement, filed December 7, 2010, the parties agreed to "look to the Court for guidance as to the form, scope, and timing of the tutorial." Joint Statement at 9.

2. At the December 14, 2010 scheduling conference, the Court indicated that the tutorials should take the form of attorney presentations. Ex. 1.

3. On September 19, 2011, William, F. Abrams, counsel for Google, spoke with Samuel Lu, counsel for Skyhook, regarding the technology tutorial. The parties agreed that the tutorial would be conducted by counsel, and that experts and fact witnesses would not participate. *Id.*

4. On Monday, October 10, 2011, Skyhook sent Google a draft of the Joint Claim Construction and Prehearing Statement. The draft stated, "Skyhook's tutorial will be in the form of a power point presentation by one of the named inventors." Ex. 2 at 27.

5. On Tuesday, October 11, 2011, Google objected to Skyhook's proposed use of a fact witness at the tutorial, stating in correspondence, "We object to Skyhook having anyone other than counsel participate in the tutorial. Please let us know your position on this by the end of the day today. If there is a disagreement, we need to raise it with the Court immediately." Ex. 3 at 2.

6. On Tuesday, October 11, 2011, Skyhook replied to Google's letter stating, "We agree to withdraw the named inventor from presenting the tutorial. Skyhook's tutorial will be presented by counsel." Ex. 4.

7. On Thursday, October 13, 2011, less than thirty minutes before filing, Skyhook sent a new draft of the Joint Claim Construction and Prehearing Statement, and stated, "Upon further consideration, we've decided that Skyhook's tutorial will be presented by Ted Morgan and/or counsel. I will revise the joint statement to reflect this change." Ex. 5.

8. Edward "Ted" Morgan is Skyhook's Chief Executive Officer. He is one of four named co-inventors of the patents-in-suit. Both Google and Skyhook identified Mr. Morgan in their respective December 7, 2010 initial disclosures as a witness in this case. Skyhook identified Mr. Morgan as a person having information regarding the patents-in-suit and Skyhook's technology. Google has not yet deposed Mr. Morgan, but will do so.

9. Upon receiving Skyhook's message that it had retracted its agreement that a fact witness would not make a presentation at the tutorial and that it now intended to have Mr. Morgan present the technology tutorial, Google immediately reiterated its objections. Ex. 6.

10. The Joint Claim Construction and Prehearing Statement as filed contains Skyhook's request to have Ted Morgan present the tutorial, either in lieu of or in addition to an attorney presentation. Google stated its objection to the request in the Joint Claim Construction and Prehearing Statement.

Mr. Morgan will be a key trial witness. As a trial witness, it would be inappropriate and prejudicial to Google for Mr. Morgan to make an unsworn, unexamined presentation, particularly since he has not been deposed by Google. Google plans to depose Mr. Morgan on numerous topics, including the nature of the inventions claimed, the technology background and state of the prior art—subjects highly pertinent to any summary of the relevant technology—the conception, reduction to practice, design, and development of the disputed technology, and other relevant issues. Further, Mr. Morgan's participation at the tutorial is contrary to both the Court's guidance, and the agreement of the parties.

A/74546379.3

WHEREFORE, Google respectfully requests that the Court preclude Skyhook from having a fact witness make a presentation at the scheduled October 21, 2011 technology tutorial.

Respectfully submitted,

Dated: October 14, 2011

GOOGLE, INC.

By its attorneys,

/s/  Susan Baker Manning
Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA  02110-1726, U.S.A.
617.951.8000

William F. Abrams *(admitted pro hac vice)*
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
650.849.4400

Robert C. Bertin *(admitted pro hac vice)*
robert.bertin@bingham.com
Susan Baker Manning *(admitted pro hac vice)*
susan.manning@bingham.com
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
202.373.6000

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)

I hereby certify that I, Susan Baker Manning, counsel for Google, Inc., conferred with Lina Somait, counsel for Skyhook Wireless, Inc., by electronic mail and by telephone on October 13, 2011 in an effort to resolve the issue raised in this motion.

/s/ Susan Baker Manning, Esq.
susan.manning@bingham.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 14, 2011.

/s/ Susan Baker Manning, Esq.
susan.manning@bingham.com