IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYHOOK WIRELESS, INC., | ) |
|     Plaintiff and Counterclaim-Defendant, | ) ) ) Civil Action No. 1:10-cv-11571-RWZ |
| v. | ) |
| GOOGLE INC., | ) |
|     Defendant and Counterclaimant. | ) ) ) |

**SKYHOOK WIRELESS, INC.'S EMERGENCY MOTION TO STRIKE**

**I.   INTRODUCTION**

Skyhook brings this emergency motion to strike Slide Nos. 3, 4, and 90 of Google's planned Technology Tutorial graphics.[1]  These slides are not meant to provide the Court with an objective tutorial regarding the technology at issue in this case.  Instead, these slides raise arguments regarding Google's prior art defenses, Google's indefiniteness defenses, what the patent claims cover, and claim construction.

---

[1] The parties exchanged tutorial graphics this morning.  The tutorial is scheduled for tomorrow at 9:00 a.m.  A copy of the parties' correspondence today concerning Skyhook's objections is attached hereto as Exhibit 1.

2514031

## II. SLIDE NO. 90

Skyhook objects to Slide No. 90, reproduced below:

> **Conclusion** (DRAFT)
>
> - Radio based location techniques are not new
> - Wi-Fi location systems are not new
> - Incremental improvements in Wi-Fi location are claimed with terms that the parties dispute as to their clarity and scope
> - The patents describe driving a systematic, planned route (*i.e.*, a Chinese postman route) throughout all streets in a large target area as yielding more accurate data about Wi-Fi access point locations and as a basis for Wi-Fi location systems

In particular, Skyhook objects to the following language:

- Radio based location techniques are not new
- Wi-Fi location systems are not new
- Incremental improvements in Wi-Fi location are claimed with terms that the parties dispute as to their clarity and scope

The first two bullet points address Google's prior art defenses, and present argument that "radio based location techniques are not new" and "Wi-Fi location systems are not new." (Other slides in Google's planned Technology Tutorial graphics characterize the technology in Skyhook's patents in suit as a radio based location technique and a Wi-Fi location system.) Such prior art arguments are not appropriate for what is meant to be an objective tutorial.

2514031

- 2 -

The third bullet point addresses the scope of Skyhook's patents, characterizing them as only claiming "incremental improvements in Wi-Fi location."  Arguments regarding what the patents claims cover are not appropriate for what is meant to be an objective tutorial.  Google is free to raise such arguments at the <u>Markman</u> hearing in this case, which is scheduled for November 9.

### III.     SLIDE NOS. 3 AND 4

Skyhook also objects to Slide No. 4, reproduced below:

> **Indefiniteness**                                                   DRAFT
>
> - Google seeks summary judgment on the ground that the claims are indefinite
>   - Mixed apparatus and method limitations ('988 & '694 patents)
>   - the "reference symmetry" limitations ('988 & '694 patents)
>   - "avoid[s] arterial bias" ('988 & '694 patents)
>   - the "logic" terms ('988 patent)
>   - "rules" and "predefined rules" ('897 patent)
>   - "said chosen algorithm being suited for the number of identified Wi-Fi access points" ('245 patent)
> - Google provides constructions for certain of these terms in the alternative

This slide presents Google's arguments that Skyhook's patent claims are invalid because of indefiniteness.  Many of these defenses are pure legal issues that have no relevance to an objective tutorial.

Similarly, Skyhook objects to Slide No. 3, reproduced below:

**Claim Construction** — DRAFT

- Parties agree on 9 constructions
- Disagree and offer competing constructions on several terms, some of which are related
  - "target area" ('988, '694 & '245)
  - "arterial bias" ('988 & '694)
  - the Location Terms ("calculated position information" ('988 & '694) / "calculated positions of Wi-Fi access points" ('988) / "calculated locations" ('245) / "recorded location information" ('897))
  - "substantially all Wi-Fi access points in the target area" ('988 & '694)
  - "in response to a user application request to determine a location of a user-device having a Wi-Fi radio" ('245)
  - "a user-device having a Wi-Fi radio" ('245)
  - "a WiFi-enabled device communicating with WiFi access points within range of the WiFi-enabled device so that observed WiFi access points identify themselves" ('897)

This slide identifies the disputed claim terms at issue in this case.

Arguments regarding indefiniteness and claim construction are not appropriate for what is meant to be an objective tutorial.  Again, Google is free to raise such arguments at the Markman hearing in this case, which is scheduled for November 9.

**IV.  CONCLUSION**

For the foregoing reasons, Skyhook objects to Slide Nos. 3, 4, and 90 of Google's planned Technology Tutorial graphics and respectfully requests that the Court grant Skyhook's motion to strike these graphics.

Respectfully submitted,

SKYHOOK WIRELESS, INC.,

By its attorneys

_/s/ Samuel K. Lu_____
Samuel K. Lu (pro hac vice)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010
slu@irell.com

Of counsel:
Thomas F. Maffei (BBO 313220)
Douglas R. Tillberg (BBO 661573)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900
tmaffei@gtmllp.com
dtillberg@gtmllp.com

Morgan Chu (pro hac vice)
John C. Hueston (pro hac vice)
Samuel K. Lu (pro hac vice)
Glenn K. Vanzura (pro hac vice)
Lina F. Somait (pro hac vice)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010
mchu@irell.com
jhueston@irell.com
slu@irell.com
gvanzura@irell.com
lsomait@irell.com

Dated: October 20, 2011

## **Certificate of Service**

I, Samuel K. Lu, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 20, 2011.

*/s/ Samuel K. Lu*
Samuel K. Lu