UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 10-11571-RWZ


SKYHOOK WIRELESS, INC.

v.

GOOGLE INC.


ORDER
April 26, 2012

ZOBEL, D.J.

The parties in this hotly contested patent infringement action have been unable

to resolve a dispute concerning the discovery of certain entries in the notebooks of

Farshid Alizadeh-Shabdiz, now the Chief Scientist for plaintiff Skyhook Wireless, Inc.

("Skyhook).  Although Skyhook has produced the books, it has redacted entries 2, 6-9,

11-13, 16 and 17.  Defendant, Google Inc., has moved to compel production of the

redacted entries.  Resolution of the motion depends on whether these entries are

protected from disclosure by the attorney-client privilege.

Plaintiff's opposition is supported by an affidavit of the author of the notebooks

who states that he keeps notes on plaintiff's technical research and testing.  He further

explains:

"11.  I also write down issues that I want to later discuss with an attorney

regarding pending patent applications or potential future patent applications in my

notebooks.

12.  I also use my notebooks to prepare drafts of patent prosecution materials, such as specifications, illustrations, and claims.....

14. When I want to convey relevant information to an attorney, as a reminder, I will sometimes write in my notebooks a summary of the issues to be discussed with the attorney."

Finally, the affiant attests that the primary purpose of the redacted entries was the pursuit of legal advice regarding patent rights, that he subsequently communicated the information in these entries to counsel, and that none of these entries were created for technical research or development purposes.  Indeed, all but entry 2 do not pertain to the patents-in-suit.  Entry 2 was prepared in anticipation of this lawsuit and "was created for the purpose of determining which of Skyhook's patents had been infringed."

Nothing in the record disputes these statements in the affidavit which, on their face, are privileged.  Nonetheless, Google argues that the attorney-client privilege protects communications, not information, unless disclosure of the latter would reveal protected confidences.  The difficulty with Google's position is that the affiant repeatedly and explicitly states that he discussed the matters in the redacted entries with counsel.  Those statements, too, stand uncontradicted.  Plaintiff is accordingly entitled to claim the privilege with respect to the redacted entries.  "Certainly, an outline of what a client wishes to discuss with counsel - and which is subsequently discussed with one's counsel - would seem to fit squarely within our understanding of the scope of the privilege."  United States v. DeFonte, 441 F. 3d 92, 96 (2d Cir. 2006).

The motion to compel (Docket # 76) is denied.


    April 26, 2012                              /s/Rya W. Zobel        
DATE                                      RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE