**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SKYHOOK WIRELESS, INC.,** ) | Civil Action No. 1:10-cv-11571-RWZ |
| Plaintiff, ) | and |
| v. ) | Civil Action No. 1:13-cv-10153-RWZ |
| **GOOGLE INC.,** ) | |
| Defendant. ) | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to the hearing conducted by the Court on March 14, 2013, the docket entry at Dkt. No. 145, and the parties' agreement that amended pleadings may be filed without seeking leave of Court by March 29, 2013 (*see* Stipulation and Proposed Order Regarding the Case Consolidation, Dkt. No. 149), Plaintiff Skyhook Wireless, Inc. ("Skyhook"), by and through its undersigned counsel, for its amended complaint, which combines the previously filed complaints in both of the above-captioned matters, against Google Inc. ("Google"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq*., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

## JURISDICTION AND VENUE

2.      This Court has personal jurisdiction over Google.  On information and belief, Google, including its subsidiaries, has committed acts of infringement in this District, regularly does and solicits business in Massachusetts, and has availed itself of the benefits and protections of Massachusetts law.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because, among other reasons, Google is subject to personal jurisdiction in this District, has a regular and established place of business in this District, and has committed acts of infringement in this District.

## THE PARTIES

4.      Skyhook is a Delaware corporation with its principal place of business at 34 Farnsworth Street, Boston, Massachusetts, 02210.

5.      Skyhook is informed and believes that Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

## COUNT I

### (Infringement of United States Patent No. 7,414,988)

6.      Skyhook incorporates by reference paragraphs 1 through 5 of this Complaint and realleges them as though fully set forth herein.

7.      On August 19, 2008, United States Patent No. 7,414,988, entitled "Server for Updating Location Beacon Database" (the "'988 patent"), issued to Russel Kipp Jones, Farshid Alizadeh-Shabdiz, Edward James Morgan, and Michael George Shean.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '988 patent.  A copy of the '988 patent is attached as Exhibit A.

8.      Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '988 patent by, among other things, making, using, selling, and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products that

embody one or more claims of the '988 patent, including without limitation at least servers and software relating to and communicating with what Google describes as its "WiFi location database," as well as what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and by making, using, selling, and offering for sale applications, services, and devices that use such systems.

9.      Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '988 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '988 patent, are known by Google to be especially made or especially adapted for use in infringement of the '988 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and their respective components, and related systems, software, applications, and services.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '988 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and offering for sale infringing software and hardware products, including some or all of Google's "WiFi location database," "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and their respective components, and related systems, software, applications, and services, and by making, using, selling or offering for sale devices that use these services.

10.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '988 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell and offer for sale infringing products that embody one or more claims of the '988 patent in this judicial district and elsewhere throughout the United States, without license or authority from

Skyhook, including without limitation at least servers and software relating to and communicating with what Google describes as its "WiFi location database," as well as what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '988 patent by making, using, selling and offering for sale infringing products that embody one or more claims of the '988 patent, including without limitation at least servers and software relating to and communicating with what Google describes as its "WiFi location database," "location based services," "Google Location Services," "Google Maps," and related systems, software, applications, and services, and devices that use these systems or services.

11.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '988 patent has been and continues to be willful.  Google has actual awareness of the '988 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to WiFi positioning technology.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware. Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '988 patent.

12.     Unless enjoined by this Court, Google will continue to infringe the '988 patent.

13.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**COUNT II**

**(Infringement of United States Patent No. 7,433,694)**

14.     Skyhook incorporates by reference paragraphs 1 through 13 of this Complaint and realleges them as though fully set forth herein.

15.     On October 7, 2008, United States Patent No. 7,433,694, entitled "Location Beacon Database" (the "'694 patent"), issued to Edward James Morgan, Farshid Alizadeh-Shabdiz, Russel Kipp Jones, and Michael George Shean.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '694 patent.  A copy of the '694 patent is attached as Exhibit B.

16.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '694 patent by, among other things, making, using, selling and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products that embody one or more claims of the '694 patent, including without limitation at least what Google describes as its "WiFi location database," as well as what Google describes as "location based services," "Google Location Services, the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and other systems, applications, services, and devices, that use any of the foregoing.

17.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '694 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '694 patent, are known by Google to be especially made or especially adapted for use in infringement of the '694 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including Google's "WiFi location database," "location based services,"

"Google Location Services," the "Android Operating System," and "Google Maps" and their respective components, and related systems, software, applications, and services.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '694 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and offering for sale infringing software and hardware products, including some or all of Google's "WiFi location database," "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and their respective components, and related systems, software, applications, and services.

18.      Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '694 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell and offer for sale infringing products that embody one or more claims of the '694 patent in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least what Google describes as its "WiFi location database," as what Google describes as "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '694 patent by making, using, selling and offering for sale infringing products that embody one or more claims of the '694 patent, including without limitation at least what Google describes as its "WiFi location database," as well as what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services.

19.      Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '694 patent has been and continues to be willful.  Google has actual awareness of the '694 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean

further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to WiFi positioning technology.   Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware. Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '694 patent.

20.     Unless enjoined by this Court, Google will continue to infringe the '694 patent.

21.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT III

### (Infringement of United States Patent No. 7,474,897)

22.     Skyhook incorporates by reference paragraphs 1 through 21 of this Complaint and realleges them as though fully set forth herein.

23.     On January 6, 2009, United States Patent No. 7,474,897, entitled "Continuous Data Optimization by Filtering and Positioning Systems" (the "'897 patent"), issued to Edward J. Morgan, Michael G. Shean, Farshid Alizadeh-Shabdiz, and Russel K. Jones.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '897 patent.  A copy of the '897 patent is attached as Exhibit C.

24.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '897 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing location-based services systems that embody one or more claims of the '897 patent, including without limitation at least the system used by Google in providing what Google describes as its "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and other applications, services, and devices, that use any of at least the "WiFi location database,"

"location based services," "Google Location Services," and "Google Maps," and related systems, software, applications, and services.  Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

25.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '897 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '897 patent, are known by Google to be especially made or especially adapted for use in infringement of the '897 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including Google's "WiFi location database," "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '897 patent in violation of 35 U.S.C. § 271(a) by making and using infringing software and hardware products, including some or all of Google's "WiFi location database," "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and their respective components, and related systems, software, applications, and services.

26.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '897 patent has been and continues to be willful.  Google has actual awareness of the '897 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding

Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to WiFi positioning technology.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware. Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '897 patent.

27.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '897 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make and use infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing system is utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '897 patent by making and using infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

28.     Unless enjoined by this Court, Google will continue to infringe the '897 patent.

29.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**COUNT IV**

**(Infringement of United States Patent No. 7,305,245)**

30.     Skyhook incorporates by reference paragraphs 1 through 29 of this Complaint and realleges them as though fully set forth herein.

31.     On December 4, 2007, United States Patent No. 7,305,245, entitled "Location-Based Services That Choose Location Algorithms Based on Number of Detected Access Points Within Range of User Device" (the "'245 patent"), issued to Farshid Alizadeh-Shabdiz, Russel Kipp Jones, Edward James Morgan, and Michael George Shean.   Skyhook is the owner by assignment of the entire right, title, and interest in and to the '245 patent.  A copy of the '245 patent is attached as Exhibit D.

32.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '245 patent by, among other things, using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing location-based services systems that embody one or more claims of the '245 patent, including without limitation at least the system used by Google in providing what Google describes as its "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," and "Google Maps," and related systems, software, applications, and services.  Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

33.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '245 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that

use such applications and services, that embody a material part of the inventions described in the '245 patent, are known by Google to be especially made or especially adapted for use in infringement of the '245 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '245 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.

34.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '245 patent has been and continues to be willful. Google has actual awareness of the '245 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to WiFi positioning technology.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware. Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '245 patent.

35.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '245 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make and use infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location

Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing system is utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '245 patent by making and using infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

36.     Unless enjoined by this Court, Google will continue to infringe the '245 patent.

37.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT V

### (Infringement of United States Patent No. 7,856,234)

38.     Skyhook incorporates by reference paragraphs 1 through 37 of this Complaint and realleges them as though fully set forth herein.

39.     On December 21, 2010, United States Patent No. 7,856,234, entitled "System and Method for Estimating Positioning Error Within a WLAN-Based Positioning System" ("the '234 patent"), issued to Farshid Alizadeh-Shabdiz and Edward James Morgan.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '234 patent.  A copy of the '234 patent is attached as Exhibit E.

40.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '234 patent by, among other things, making, using, selling and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products,

12

including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," and "Google Maps." Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

41.     The estimation of positioning error is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps." In particular, these products contain software modules that enable the estimation of positioning error in a manner that infringes the '234 patent.

42.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '234 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '234 patent, are known by Google to be especially made or especially adapted for use in infringement of the '234 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services, and their respective components. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '234 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services, and their respective components.

43.     Google has actual awareness of the '234 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.   Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.   Mr. Shean informed Google that Skyhook had patents relating to expected error estimation.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware, and Google has produced a copy of the '234 patent in ongoing litigation in Massachusetts.   Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '234 patent.

44.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '234 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell and offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services.  Google advertises the infringing capability of its products and services to obtain estimates of location error in its location-based products and services, such as Google Maps and the Android operating system.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '234 patent by making, using, selling, and offering for sale infringing products, including without limitation at least the system used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

45.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '234 patent has been and continues to be willful.

46.     Unless enjoined by this Court, Google will continue to infringe the '234 patent.

47.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT VI

## (Infringement of United States Patent No. 8,019,357)

48.     Skyhook incorporates by reference paragraphs 1 through 47 of this Complaint and realleges them as though fully set forth herein.

49.     On September 13, 2011, United States Patent No. 8,019,357, entitled "System and Method for Estimating Positioning Error Within a WLAN-Based Positioning System" ("the '357 patent"), issued to Farshid Alizadeh-Shabdiz and Edward James Morgan.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '357 patent.  A copy of the '357 patent is attached as Exhibit F.

50.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '357 patent by, among other things, making, using, selling and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," "Google Maps," and related systems, software, applications, and services.  Google also directly infringes in combination with others

who use Google and other Android devices running Android and applications and services in combination with Google.

51.      The estimation of positioning error is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating System," "Google Maps," and related systems, software, applications, and services.  In particular, these products contain software modules that enable the estimation of positioning error in a manner that infringes the '357 patent.

52.      Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '357 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '357 patent, are known by Google to be especially made or especially adapted for use in infringement of the '357 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '357 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.

53.      Google has actual awareness of the '357 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.   Mr. Shean further met and communicated with additional Google

employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to expected error estimation.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '357 patent.  Furthermore, the application for the '357 patent is a continuation of the application of the '234 patent, and Google has produced a copy of the '234 patent in ongoing litigation in Massachusetts.

54.    Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '357 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell, and offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the infringing capability of its products and services to obtain estimates of location error in its location-based products and services, such as Google Maps and the Android operating system.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '357 patent by making, using, selling and offering for sale infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

55.    Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '357 patent has been and continues to be willful.

56.    Unless enjoined by this Court, Google will continue to infringe the '357 patent.

57.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT VII

### (Infringement of United States Patent No. 8,022,877)

58.     Skyhook incorporates by reference paragraphs 1 through 57 of this Complaint and realleges them as though fully set forth herein.

59.     On September 20, 2011, United States Patent No. 8,022,877, entitled "Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access Points" ("the '877 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '877 patent.  A copy of the '877 patent is attached as Exhibit G.

60.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '877 patent by, among other things, making, using, selling and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," and "Google Maps" and related systems, software, applications, and services.  Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

61.     The detection of moved WLAN access points is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating

System," and "Google Maps."  In particular, these products contain software modules that enable the detection of moved WLAN access points in a manner that infringes the '877 patent.

62.    Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '877 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '877 patent, are known by Google to be especially made or especially adapted for use in infringement of the '877 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '877 patent in violation of 35 U.S.C. § 271(a) by making, using, selling and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.

63.    Google has actual awareness of the '877 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on

information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '877 patent.

64.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '877 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell, and offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '877 patent by making, using, selling and offering for sale infringing products, including without limitation at least-the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

65.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '877 patent has been and continues to be willful.

66.     Unless enjoined by this Court, Google will continue to infringe the '877 patent.

67.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

**COUNT VIII**

**(Infringement of United States Patent No. 8,154,454)**

68.     Skyhook incorporates by reference paragraphs 1 through 67 of this Complaint and realleges them as though fully set forth herein.

69.     On April 10, 2012, United States Patent No. 8,154,454, entitled "Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access Points" ("the '454 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '454 patent.  A copy of the '454 patent is attached as Exhibit H.

70.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '454 patent by, among other things, making, using, selling and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," and "Google Maps" and related systems, software, applications, and services.  Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

71.     The detection of moved WLAN access points and is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps."  In particular, these products contain software modules that enable the detection of moved WLAN access points in a manner that infringes the '454 patent.

72.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '454 patent in violation of

35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '454 patent, are known by Google to be especially made or especially adapted for use in infringement of the '454 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '454 patent in violation of 35 U.S.C. § 271(a) by making, using, selling and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services and their respective components.

73.     Google has actual awareness of the '454 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '454 patent.

74.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '454 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell and

offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '454 patent by making, using, selling and offering for sale infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

75.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '454 patent has been and continues to be willful.

76.     Unless enjoined by this Court, Google will continue to infringe the '454 patent.

77.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT IX

### (Infringement of United States Patent No. 8,223,074)

78.     Skyhook incorporates by reference paragraphs 1 through 77 of this Complaint and realleges them as though fully set forth herein.

79.     On July 17, 2012, United States Patent No. 8,223,074, entitled "Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access Points" ("the '074 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of

23

the entire right, title, and intere.st in and to the '074 patent.  A copy of the '074 patent is attached as Exhibit I.

80.    Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '074 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," and "Google Maps" and related systems, software, applications, and services.  Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

81.    The detection of moved WLAN access points is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps."  In particular, these products contain software modules that enable the detection of moved WLAN access points in a manner that infringes the '074 patent.

82.    Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '074 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '074 patent, are known by Google to be especially made or especially adapted for use in infringement of the '074 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications,

and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '074 patent in violation of 35 U.S.C. § 271(a) by making, using, selling and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services and their respective components.

83.     Google has actual awareness of the '074 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '074 patent.

84.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '074 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell and offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have

infringed and will infringe the '074 patent by making, using, selling and offering for sale infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

85.    Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '074 patent has been and continues to be willful.

86.    Unless enjoined by this Court, Google will continue to infringe the '074 patent.

87.    As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

### COUNT X

### (Infringement of United States Patent No. 8,242,960)

88.    Skyhook incorporates by reference paragraphs 1 through 87 of this Complaint and realleges them as though fully set forth herein.

89.    On August 14, 2012, United States Patent No. 8,242,960, entitled 'Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access Points" ("the '960 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '960 patent.  A copy of the '960 patent is attached as Exhibit J.

90.    Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '960 patent by, among other things, making, using, selling and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating

26

System," and "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," and "Google Maps," and related systems, software, applications, and services.  Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

91.     The detection of moved WLAN access points is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services.  In particular, these products contain software modules that enable the detection of moved WLAN access points in a manner that infringes the '960 patent.

92.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '960 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '960 patent, are known by Google to be especially made or especially adapted for use in infringement of the '960 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '960 patent in violation of 35 U.S.C. § 271(a) by making, using, selling and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.

93.     Google has actual awareness of the '960 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.   Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.   Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '960 patent.

94.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '960 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell and offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '960 patent by making, using, selling and offering for sale infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

95.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '960 patent has been and continues to be willful.

96.     Unless enjoined by this Court, Google will continue to infringe the '960 patent.

97.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

<u>COUNT XI</u>

**(Infringement of United States Patent No. 8,229,455)**

98.     Skyhook incorporates by reference paragraphs 1 through 97 of this Complaint and realleges them as though fully set forth herein.

99.     On July 24, 2012, United States Patent No. 8,229,455, entitled "System and Method of Gathering and Caching WLAN Packet Information to Improve Position Estimates of a WLAN Positioning Device" ("the '455 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '455 patent.  A copy of the '455 patent is attached as Exhibit K.

100.    Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '455 patent by, among other things, making, using, selling, and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing devices including, using, or accessing, what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services.

101.    The caching of information received from WLAN access points to improve position estimates is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems,

software, applications, and services.  In particular, these products contain software modules that enable the caching of WLAN access point information in a manner that infringes the '455 patent.

102.    Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '455 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '455 patent, are known by Google to be especially made or especially adapted for use in infringement of the '455 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '455 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.

103.    Google has actual awareness of the '455 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding database encoding and end user localization.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of

the '455 patent.  Furthermore, Skyhook has provided Google with the prosecution history of U.S. Patent Application No. 11/774,399, which references the application for the '455 patent, U.S. Patent Application No. 11/774,395.

104.    Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '455 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell, and offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems are utilized. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '455 patent by making, using, selling, and offering for sale infringing products, including without limitation at least the system(s) used by Google in providing what Google describes a "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

105.    Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '455 patent has been and continues to be willful.

106.    Unless enjoined by this Court, Google will continue to infringe the '455 patent.

107.    As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT XII

### (Infringement of United States Patent No. 8,054,219)

108.    Skyhook incorporates by reference paragraphs 1 through 107 of this Complaint and realleges them as though fully set forth herein.

109.    On November 8, 2011, United States Patent No. 8,054,219, entitled "Systems and Methods for Determining Position Using a WLAN-PS Estimated Position as an Initial Position in a Hybrid Positioning System" ("the '219 patent"), issued to Farshid Alizadeh-Shabdiz. Skyhook is the owner by assignment of the entire right, title, and interest in and to the '219 patent.  A copy of the '219 patent is attached as Exhibit L.

110.    Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '219 patent by, among other things, making, using, selling and offering for sale in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and other applications, services, and devices, that use any of at least the "WiFi location database," "location based services," "Google Location Services," and "Google Maps" and related systems, software, applications, and services.  Google also directly infringes in combination with others who use Google and other Android devices running Android and applications and services in combination with Google.

111.    The use of a WLAN position estimate to improve the functionality of a satellite positioning system is an integral function of at least Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps."  In particular, these products contain software modules that enable the use of a WLAN position estimate in a satellite positioning system in a manner that infringes the '219 patent.

112.    Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '219 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components, such as applications, services, and devices, including devices that use such applications and services, that embody a material part of the inventions described in the '219 patent, are known by Google to be especially made or especially adapted for use in infringement of the '219 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '219 patent in violation of 35 U.S.C. § 271(a) by making, using, selling and offering for sale infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.

113.    Google has actual awareness of the '219 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding integration of Wi-Fi positioning technology with GPS technology.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '219 patent.

114.    Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '219 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make, use, sell and offer for sale infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '219 patent by making, using, selling and offering for sale infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, whether alone or in combination with Google.

115.    Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '219 patent has been and continues to be willful.

116.    Unless enjoined by this Court, Google will continue to infringe the '219 patent.

117.    As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT XIII

### (Infringement of United States Patent No. 7,471,954)

118.    Withdrawn.

119.    Withdrawn.

120.    Withdrawn.

121.    Withdrawn.

122.    Withdrawn.

123.    Withdrawn.

124.    Withdrawn.

125.    Withdrawn.

126.    Withdrawn.

127.    Withdrawn.

## COUNT XIV

### (Infringement of United States Patent No. 8,031,657)

128.    Skyhook incorporates by reference paragraphs 1 through 127 of this Complaint and realleges them as though fully set forth herein.

129.    On October 4, 2011, United States Patent No. 8,031,657, entitled "Server for Updating Location Beacon Database" ("the '657 patent"), issued to Russel Kip Jones, Farshid Alizadeh-Shabdiz, Edward James Morgan, and Michael George Shean.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '657 patent.  A copy of the '657 patent is attached as Exhibit M.

130.    Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '657 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, as well as by making, using, selling, and offering for sale applications, services, and devices that use such systems.

131.    The use of a Wi-Fi location server system, and related software, that comprises a collection of location information regarding Wi-Fi access points, and that receives readings for

newly discovered Wi-Fi access points, identifies errors in location information, and excludes certain location information with potential errors, is an integral component of at least Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  In particular, these products contain software modules that enable the use of a Wi-Fi location server system and related software in a manner that infringes the '657 patent.

132.   Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '657 patent in violation of 35 U.S.C. § 271(c) by making, using, selling or offering for sale, and distributing to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '657 patent, are known by Google to be especially made or especially adapted for use in infringement of the '657 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '657 patent in violation of 35 U.S.C. § 271(a) by making and using infringing software and hardware products, including some or all of Google's "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services, and their respective components, and by making, using, selling or offering for sale devices that use these services.

133.   Google has actual awareness of the '657 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President, communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean

informed Google that Skyhook had patents relating to wireless location technology, including patents regarding integration of Wi-Fi positioning technology.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '657 patent.  Furthermore, the application for the '657 patent is a continuation of the application for the '988 patent, the patent which Skyhook has asserted against Google in this case on September 15, 2010, and Google has previously produced copies of the file history and the published application for the '657 patent in this litigation.

134.    Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '657 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to make and use infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps" and related systems, software, applications, and services.  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing system is utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '657 patent by making and using infringing products, including without limitation at least the system(s) used by Google in providing what Google describes as "location based services," "Google Location Services," the "Android Operating System," and "Google Maps," and related systems, software, applications, and services, and devices that use these systems or services.

135.    Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '657 patent has been and continues to be willful.

136.    Unless enjoined by this Court, Google will continue to infringe the '657 patent.

137.   As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Skyhook prays that the Court enter a judgment as follows:

A.   For a judicial determination that the patents at issue in this litigation are infringed by Google;

B.   For a judicial determination that the patents at issue in this litigation are valid and enforceable;

C.   For a judicial determination that Google's infringement of the patents at issue in this litigation is willful;

D.   For a permanent injunction enjoining Google, and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing, from further acts of infringement of the patents at issue in this litigation;

E.   For damages resulting from Google's infringement of the patents at issue in this litigation and the trebling of such damages because of the willful nature of Google's infringement;

F.   For an assessment of interest on damages;

G.   For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs in this action; and

H.   For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Skyhook demands a jury trial for all issues so triable.

Dated:  March 29, 2013                      Respectfully Submitted,

                              /s/ Matthew D. Powers

                              Matthew D. Powers (*pro hac vice*)
                              Steven S. Cherensky (*pro hac vice*)
                              Paul T. Ehrlich (*pro hac vice*)
                              William P. Nelson (*pro hac vice*)
                              Azra M. Hadzimehmedovic (*pro hac vice*)
                              Aaron M. Nathan (*pro hac vice*)
                              TENSEGRITY LAW GROUP LLP
                              555 Twin Dolphin Drive, Suite 360
                              Redwood Shores, CA 94065
                              Phone:  (650) 802-6000
                              Fax:  (650) 802-6001
                              Email:
                              matthew.powers@tensegritylawgroup.com
                              steven.cherensky@tensegritylawgroup.com
                              paul.ehrlich@tensegritylawgroup.com
                              william.nelson@tensegritylawgroup.com
                              azra@tensegritylawgroup.com
                              aaron.nathan@tensegritylawgroup.com

                              Thomas F. Maffei (BBO 313220)
                              Douglas R. Tillberg (BBO 661573)
                              GRIESINGER, TIGHE & MAFFEI, LLP
                              176 Federal Street
                              Boston, Massachusetts 02110
                              (617) 542-9900
                              tmaffei@gtmllp.com
                              dtillberg@gtmllp.com

                              Morgan Chu (*pro hac vice*)
                              Samuel K. Lu (*pro hac vice*)
                              Laura E. Evans (*pro hac vice*)
                              James A. Milkey (*pro hac vice*)
                              IRELL & MANELLA LLP
                              1800 Avenue of the Stars, Suite 900
                              Los Angeles, CA 90067-4276
                              (310) 277-1010
                              mchu@irell.com
                              slu@irell.com
                              levans@irell.com
                              jmilkey@irell.com

                              *Attorneys for Skyhook Wireless, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on counsel for plaintiff Google Inc., by electronic means on this 29th day of March 2013.


<u>*/s/ Matthew D. Powers*</u>
Matthew D. Powers