IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYHOOK WIRELESS, INC., | Case No. 1:10-cv-11571-RWZ and |
| | Case No. 1:13-cv-10153-RWZ |
| Plaintiff and Counterclaim-Defendant, | |
| | JURY TRIAL DEMANDED |
| v. | |
| GOOGLE INC., | |
| Defendant and Counterclaimant. | |

**PLAINTIFF SKYHOOK WIRELESS, INC'S ANSWER
TO DEFENDANT GOOGLE INC.'S COUNTERCLAIMS FOR DECLARATORY
RELIEF**

Plaintiff Skyhook Wireless, Inc. ("Skyhook"), by and through its undersigned counsel, respectfully submits this Answer to Counterclaims of Defendant Google Inc. to Plaintiff's Amended Complaint for Patent Infringement (Dkt. No. 155). To the extent not specifically admitted herein, all allegations of the Counterclaims are denied.

**ALLEGATIONS REGARDING THE NATURE OF THE ACTION**

1. Answering the allegations of Paragraph 1 of Google's Counterclaims, Skyhook admits that Google Inc. ("Google") reasserts previously asserted counterclaims seeking a declaratory judgment that U.S. Patent Nos. 7,414,988; 7,433,694; 7,474,897; and 7,305,245 (the 988, 694, 897, and 245 Patents) are invalid and not infringed. Skyhook also admits that Google asserts new counterclaims seeking a declaratory judgment that U.S. Patent Nos. 7,856,234; 8,019,357; 8,022,877; 8,154,454; 8,223,074; 8,242,960; 8,229,455; and 8,054,219 (the 234, 357, 877, 454, 074, 960, 455, and 219 Patents) are invalid and not infringed. Skyhook admits that Google asserts new counterclaims seeking a declaratory judgment that the 654 Patent is invalid

and not infringed, but Skyhook does not currently own any patent whose number ends in 654. Skyhook thus denies all allegations below relating to the "654 Patent," but answers as if Google intended to refer to U.S. Patent No. 8,031,657 (the 657 Patent), which Skyhook asserted in its Amended Complaint.  Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 1.

## THE PARTIES

2. Answering the allegations of Paragraph 2, Skyhook is informed and believes and, on that basis, admits that Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

3. Skyhook admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE ALLEGATIONS

4. Answering the allegations of Paragraph 4, Skyhook admits that Google's counterclaims arise under the patent laws of the United States and that Google seeks declaratory relief from this Court.  Skyhook further admits that this Court has subject matter jurisdiction over Google's counterclaims.  Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 4.

5. Skyhook admits the allegations of Paragraph 5.

6. Skyhook admits the allegations of Paragraph 6.

7. Answering the allegations of Paragraph 7, Skyhook admits that venue is appropriate in this Court because, among other reasons, Skyhook has consented to the propriety of venue in this Court by filing some of its claims for patent infringement in this Court.

## ALLEGATIONS REGARDING THE FIRST COUNTERCLAIM

## (DENIAL OF CLAIM FOR DECLARATION OF NON-INFRINGEMENT)

8. Answering the allegations of Paragraph 8, Skyhook incorporates by reference its responses to the allegations of Paragraphs 1-7 as though fully set forth herein.

9. Answering the allegations of Paragraph 9, Skyhook admits that an actual and justiciable controversy exists between Skyhook and Google with respect to the 988, 694, 897, 245, 234, 357, 877, 454, 074, 960, 455, 219, and 657 Patents.  Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 9.

10. Answering the allegations of Paragraph 10, Skyhook denies each and every allegation set forth in Paragraph 10.

## ALLEGATIONS REGARDING THE SECOND COUNTERCLAIM

## (DENIAL OF CLAIM FOR DECLARATION OF INVALIDITY)

11. Answering the allegations of Paragraph 11, Skyhook incorporates by reference its responses to the allegations of Paragraphs 1-10 as though fully set forth herein.

12. Answering the allegations of Paragraph 12, Skyhook admits that an actual and justiciable controversy exists between Skyhook and Google with respect to the 988, 694, 897, 245, 234, 357, 877, 454, 074, 960, 455, 219, and 657 Patents.  Except as expressly admitted, Skyhook denies each and every allegation set forth in Paragraph 12.

13. Answering the allegations of Paragraph 13, Skyhook denies each and every allegation set forth in Paragraph 13, except to state that Skyhook acknowledges that this Court has issued an order in this case finding the asserted claims of the 988 and 245 Patents invalid, an order which Skyhook expects to appeal.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in Skyhook's Amended Complaint for Patent Infringement (Dkt. No. 150), Skyhook prays that the Court enter a judgment as follows:

A. That Google take nothing by way of its Counterclaims; and

B. That the Court award such other and further relief to Skyhook as the Court may deem appropriate.

## JURY DEMAND

Skyhook demands a jury trial for all issues so triable.

Dated:  May 8, 2013                                  Respectfully submitted,

                                                     _____/s/ Matthew D. Powers_____
                                                     Matthew D. Powers *(pro hac vice)*
                                                     Steven S. Cherensky *(pro hac vice)*
                                                     Paul T. Ehrlich *(pro hac vice)*
                                                     William P. Nelson *(pro hac vice)*
                                                     Azra M. Hadzimehmedovic *(pro hac vice)*
                                                     Aaron M. Nathan *(pro hac vice)*
                                                     TENSEGRITY LAW GROUP, LLP
                                                     555 Twin Dolphin Drive, Suite 360
                                                     Redwood Shores, CA 94065
                                                     (650) 802-6000
                                                     matthew.powers@tensegritylawgroup.com
                                                     steven.chernensky@tensegritylawgroup.com
                                                     paul.ehrlich@tensegritylawgroup.com
                                                     william.nelson@tensegritylawgroup.com
                                                     azra@tensegritylawgroup.com
                                                     aaron.nathan@tensegritylawgroup.com


                                                     Thomas F. Maffei (BBO 313220)
                                                     Douglas R. Tillberg (BBO 661573)
                                                     GRIESINGER, TIGHE & MAFFEI, LLP
                                                     176 Federal Street
                                                     Boston, Massachusetts 02110
                                                     (617) 542-9900
                                                     tmaffei@gtmllp.com
                                                     dtillberg@gtmllp.com

                                                     ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-
                                                     DEFENDANT SKYHOOK WIRELESS, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 8th day of May 2013.

                                          */s/ Matthew D. Powers*
                                          Matthew D. Powers