UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


SKYHOOK WIRELESS, INC.,        )
                               )
            Plaintiff,         )    CIVIL ACTION No. 10-11571-RWZ
     v.                        )
                               )          and
GOOGLE, INC.,                  )
                               )    CIVIL ACTION NO. 13-10153-RWZ
            Defendant.         )


## SCHEDULING ORDER AND
## ORDER ON PENDING MOTIONS

This matter is before the court on (1) "Skyhook Wireless, Inc.'s Motion to Compel

Google Inc. to Produce Highly Relevant Documents, Add Additional Custodians, and

Supplement Its Response to Interrogatory No. 16" (Docket No. 265); (2) Google's

"Counter-Motion for Protective Order Against Skyhook's Electronic Document

Discovery Demands" (Docket No. 296); (3) "Skyhook Wireless, Inc.'s Motion Pursuant

to the Court's October 30 Order Concerning Discovery to Compel Google to Produce Its

Wi-Fi Location Databases and Visualization Tool, and Worldwide Revenue Information"

(Docket Nos. 279 & 285); (4) Google's "Counter-Motion for Protective Order" (Docket

No. 292); and (5) "Skyhook's Third Motion to Enforce the Court's October 30 Order

Concerning Discovery" (Docket No. 288).  After consideration of the parties' written

submissions and their oral arguments, it is hereby ORDERED as follows.  The numbering

below tracks the numbers used in the plaintiff's February 11, 2014 letter to the court.

        1.       Skyhook's motion to compel Google to produce relevant documents, add

custodians, and supplement its response to Interrogatory No. 16 (Docket No. 265), and

Google's counter-motion for a protective order relating to Skyhook's electronic discovery

demands (Docket No. 296) are ALLOWED IN PART and DENIED IN PART as follows:

a.    Google shall conduct searches using the federal search terms and date ranges, and produce documents from the following additional custodians: Steve Zelinka, Angana Ghosh, Hiroshi Lockheimer, Lifu Tang, Mark Vandevoorde, and Vivek Gundotra.

By **March 10, 2014**, Skyhook may identify two (2) additional custodians whose files should be searched using the federal search terms and date ranges.  To the extent Google objects to the proposed custodians, it may file an appropriate motion with the court.

Unless exceptional circumstances can be shown, there shall be no additional custodians other than those described in this Order.

b.    Google shall conduct a search of Mr. Lockwood's and Mr. Kadous' files using agreed upon search terms for Qualcomm and related entities and covering the time period applicable to the federal searches, and shall produce documents reflecting communications that those individuals had with Qualcomm and other SPS providers.

c.    In light of the fact that Mr. Gundotra has been named as an additional custodian, Skyhook's motion to compel the production of his communications with Apple and other OEMs is denied as moot.

d.    Google shall make a good faith effort to locate and produce the reports that were referenced by Mr. Gundotra during his deposition and relate to the monetization of Google Mobile Maps.  Google shall notify plaintiff's counsel of the results of its search by **March 3, 2014**.

e.    By **March 3, 2014**, Google shall conduct a search for testimony given by Mr. Gundotra to the FTC regarding

2

mobile advertising, and shall notify plaintiff's counsel whether it will agree to produce any such testimony. However, Google is not required to create a list of Mr. Gundotra's depositions.

f.    As agreed, Google will contact Mr. Pearson, and anyone else he identifies as being in the corporate development department who may have documents relating to the valuation of Skyhook or its technology.  Google shall determine whether their documents should be searched with respect to this issue.  By **March 3, 2014**, Google shall inform Skyhook of the results of its inquiry and whether such documents will be produced.

g.    By **March 3, 2014**, Google shall review the deposition testimony of Ms. Oh and Exhibit 8, and determine whether it can divide the information that was provided to Skyhook on January 3, 2014 regarding the number of activations and activated Android devices by model names and manufacturers.

h.    This court finds that Google has waived any claim of privilege as to Zelinka Deposition Exhibit 17, as produced in redacted form.  Google may inform Skyhook as to which additional portions of Zelinka Deposition Exhibit 17 it wishes to redact, and the parties shall attempt to reach agreement with respect to any further redactions.  However, Skyhook is not obligated to accept Google's proposed additional redactions.

i.-j.    Google shall provide a privilege log for the eight remaining documents that Google has redacted and the plaintiff has questioned.  Google is not required to supplement its privilege log to include additional documents dated after the cutoff date set forth in the Protective Order.

2.    Skyhook's motion to compel Google to produce its Wi-Fi location databases, visualization tool, and worldwide revenue information (Docket Nos. 279 & 285), and Google's counter-motion for a protective order (Docket No. 292) are

3

ALLOWED IN PART and DENIED IN PART as follows:

  a.  By **March 3, 2014**, Skyhook shall make a proposal regarding the production of exemplars from Google's Wi-Fi location databases, and the terms of a stipulation to the effect that such exemplars accurately reflect the data point information throughout the relevant time period.

    Google shall respond to Skyhook's proposal regarding the databases by **March 10, 2014**.

    The parties shall make a good faith effort to reach agreement regarding the scope of discovery pertaining to Google's databases. As part of their discussions, the parties shall consider whether the plaintiff can have access to database information on a separate, secure computer. They shall also consider, in the event the parties are unable to reach agreement on their own, whether their experts might be able to work together to establish the appropriate exemplar pool.

    If no agreement can be reached regarding the databases, the parties shall file with the court their proposals and their responses to each other's proposal by **March 17, 2014**. The parties shall indicate whether additional oral argument is necessary or whether any remaining dispute can be decided on the papers.

  b.  This court will reserve judgment on whether Skyhook should have access to Google's visualization tool pending notification from Google as to whether the visualization tool can be used to produce only the data reflected in exemplars from Google's databases.

  c.  Google shall produce information regarding worldwide sales. However, this order is without prejudice to Google's right to argue, at a later point in the proceedings, that such information is not relevant.

  3.  Skyhook's motion to enforce the court's October 30 order concerning discovery (Docket No. 288) is ALLOWED IN PART and DENIED IN PART as follows:

a..    By **March 3, 2014**, Google shall consult with Mr. Brady to determine who the PSO people are and how the group is structured, and shall provide such information to Skyhook.

b.    By **March 10, 2014**, Google shall produce all portions of its licensing agreements with OEMs that reflect the accused technology, including but without limitation, any Launch Addenda and OEM Reports.

c.    By **March 3, 2014**, Google shall review the approximately 800 pages of documents that were submitted to the FCC and confirm that the portion of those documents that was withheld from the plaintiff does not concern Wi-Fi data collection or location information.  With respect to the documents that were produced to Skyhook, Google shall review any redactions and either produce the documents in unredacted form or produce a privilege log listing the redacted documents.

Skyhook shall identify, by **March 3, 2014**, the documents that it requested during Mr. Chen's deposition and has not yet received.

d.    Skyhook shall identify which of the spreadsheets relating to mobile advertising revenue it would like to have updated. The defendant shall revise those spreadsheets in order to bring them up to date and to reflect worldwide data, and shall provide Skyhook with a date by which the spreadsheets will be produced.

Google shall determine whether is it able to update the financial information that it provided in the <u>TracBeam</u> litigation, and shall notify the court if it is not possible to do so.

Google shall use its best efforts to locate and produce any projections that were described by Mr. Chatterjee during his deposition by **March 10, 2014**.

4.    A status conference will take place on **March 17, 2014 at 11:00 a.m.** in

Courtroom #15 on the 5th floor.  At that time, the parties shall be prepared to address the

status of the case, and to present oral argument on any remaining and/or additional discovery disputes.  Any written materials concerning discovery disputes shall be filed with the court no later than five (5) business days before the conference.  Additionally, the parties shall jointly submit an agenda, no later than three (3) business days prior to the conference, listing the issues to be addressed with the court.


      / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge

DATED:  February 25, 2014