**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SKYHOOK WIRELESS, INC., | |
| Plaintiff and Counterclaim-Defendant, | Civil Action No. 1:10-cv-11571-RWZ |
| v. | and |
| GOOGLE INC., | Civil Action No. 1:13-cv-10153-RWZ |
| Defendant and Counterclaimant. | **TO BE FILED UNDER SEAL** |

**SKYHOOK WIRELESS, INC.'S MOTION *IN LIMINE* NO. 5: MOTION TO EXCLUDE
CERTAIN EVIDENCE POST-DATING HYPOTHETICAL NEGOTIATION**

**TABLE OF CONTENTS**

A.  In General, When Calculating A Reasonable Royalty The Starting Point Is Evidence As Of The Date Of The Hypothetical Negotiation ................................. 1

B.  The Book Of Wisdom Provides A Limited Exception Allowing For Consideration of Evidence Post-Dating The Hypothetical Negotiation To Be Considered ........................................................................................................ 2

C.  Consideration of Post-Hypothetical Negotiation Evidence in This Case is Contrary to the Intention Behind the "Book of Wisdom" ...................................... 3

## TABLE OF AUTHORITIES

**Cases**

*Fromson v. Western Litho Plate & Supply Co.*,
    853 F.2d 1568 (Fed. Cir. 1988) .................................................................................. 3

*Hanson v. Alpine Valley Ski Area, Inc.*,
    718 F.2d 1075 (Fed. Cir. 1983) .............................................................................. 1, 2

*Harris Corp. v. Ericsson Inc.*,
    417 F.3d 1241 (Fed. Cir. 2005) .................................................................................. 3

*Integra Lifesciences I, LTD. v. Merck KGaA*,
    331 F.3d 860 (Fed. Cir. 2003) .................................................................................... 1

*Interactive Pictures Corp. v. Infinite Pictures, Inc.*,
    274 F.3d 1371 (Fed. Cir. 2001) .................................................................................. 2

*Odetics, Inc. v. Storage Tech. Corp.*,
    185 F.3d 1259 (Fed. Cir. 1999) .................................................................................. 4

*Riles v. Shell Exploration Prod. Co.*,
    298 F.3d 1302 (Fed. Cir. 2002) .................................................................................. 2

*Sinclair Refining Co. v. Jenkins Petroleum Process Co.*,
    289 U.S. 689 (1933) ............................................................................................ 2, 3, 4

Plaintiff Skyhook Wireless, Inc. ("Skyhook") files this motion *in limine* to preclude consideration of certain evidence that post-dates the October 2008 date of the hypothetical negotiation in this case for the purpose of determining reasonable royalty damages. Specifically, Skyhook seeks an order precluding Defendant Google, Inc. ("Google") from offering evidence of, or making reference to: (1) the 2014 acquisition price of Skyhook; (2) Google's alleged ultimate ███████████████████████████████████████████████████████████; and (3) Google's alleged ultimate ███████████████████████████████████████████ ███████████████████████████████████████.

In general, when calculating reasonable royalty damages, the most relevant evidence is evidence that would have been available to the parties as of the date of the hypothetical negotiation. Although the Book of Wisdom provides a limited exception allowing for the consideration of post-hypothetical negotiation evidence, consideration of such evidence in the case at bar would be contrary to the purpose of the Book of Wisdom.

### A.   In General, When Calculating A Reasonable Royalty The Starting Point Is Evidence As Of The Date Of The Hypothetical Negotiation

For purposes of calculating reasonable royalty damages the most relevant evidence is evidence that would have been available to the parties as of the date of the hypothetical negotiation. *See Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1081 (Fed. Cir. 1983). Generally, consideration of post-hypothetical negotiation evidence is not relevant or not as relevant and therefore, is excluded. *See Integra Lifesciences I, LTD. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003) (vacating reasonable royalty damage award and remanding with instructions to determine the actual date of first infringement which informs the date of the hypothetical negotiation because given the rapid development in the industry, "[t]he value of a hypothetical license negotiated in 1994 could be drastically different from one undertaken in

1995 due to the more nascent state of the RGD peptide research in 1994."); *Riles v. Shell Exploration Prod. Co.*, 298 F.3d 1302, 1313 (Fed. Cir. 2002) (vacating reasonable royalty award for insufficient evidentiary support where, *inter alia*, the damages model reflected value at the time of trial rather than as of the date of the hypothetical negotiation; "A reasonable royalty determination for purposes of making a damages evaluation must relate to the time infringement occurred, and not be an after-the-fact assessment."); *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1385 (Fed. Cir. 2001) (upholding damages award based on expert testimony that relied on a business plan and its projection for future sales dated two months before the date of the hypothetical negotiation even though the projected figures were not met because "those projections would have been available to [Defendant] at the time of the hypothetical negotiation. The fact that [Defendant] did not subsequently meet those projections is irrelevant to [Defendant's] state of mind at the time of the hypothetical negotiation."); *Hanson* 718 F.2d at 1081 ("The issue of the infringer's profit is to be determined not on the basis of a hindsight evaluation of what actually happened, but on the basis of what the parties to the hypothetical license negotiations would have considered at the time of the negotiations. Whether, as events unfurled thereafter, [Defendant] would have made an actual profit, while paying the royalty determined as of [the hypothetical negotiation date], is irrelevant.") (internal quotations and citation omitted).

      **B.**    **The Book Of Wisdom Provides A Limited Exception Allowing For Consideration of Evidence Post-Dating The Hypothetical Negotiation To Be Considered**

Consideration of post-hypothetical negotiation evidence is based on the "Book of Wisdom" language from *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 697-698 (1933).

> [T]he absence of market value does not mean that the offender shall go quit of liability altogether. The law will make the best appraisal that it can, summoning to its service whatever aids it can command. . . . Experience is then available to correct uncertain prophecy. Here is a book of wisdom that courts may not neglect. We find no ruling of law that sets a clasp upon its pages, and forbids us to look within.

*Id.* at 697-698.

Consideration of post-hypothetical negotiation evidence pursuant to the Book of Wisdom is a limited exception that does not swallow the general rule excluding such evidence. *See Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1257 (Fed. Cir. 2005) (vacating the jury's verdict of direct infringement but finding it appropriate to address damages if infringement is found on remand and agreeing with the district court's reading of Federal Circuit precedent "as mandating consideration of a hypothetical negotiation on the date of first infringement but not automatically excluding evidence of subsequent events."); *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988) (finding that the hypothetical negotiation methodology for calculating damages "permits and often requires a court to look to events that occurred thereafter and that could not have been known to or predicted by the hypothesized negotiators.").

    **C.    Consideration of Post-Hypothetical Negotiation Evidence in This Case is Contrary to the Intention Behind the "Book of Wisdom"**

Using the limited exception provided by the Book of Wisdom to consider Skyhook's 2014 acquisition price and Google's alleged ultimate inability to use device location on all devices or successfully monetize device location would be contrary to the intention behind the Book of Wisdom as enunciated by Justice Cardozo in *Sinclair*.

The purpose underlying the Book of Wisdom's consideration of post-hypothetical negotiation evidence was to avoid undercompensating patentees. "The promisee of the patent has less than fair compensation if the criterion of value is the price that he would have received if he had disposed of it at once, irrespective of the value that would have been uncovered if he had

3

kept it as his own." *Sinclair*, 289 U.S. at 699. Conversely, in this case, Google would seek to offer post-hypothetical negotiation evidence in an attempt to severely devalue the Patents-in-Suit.[1]

Critically, the Book of Wisdom does not provide *carte blanche* to consider all post-hypothetical negotiation evidence. Only evidence reflective of information knowable at the time of the hypothetical negotiation can be considered. "To correct uncertain prophecies in such circumstances is not to charge the offender with elements of value non-existent at the time of his offense. It is to bring out and expose to light the elements of value *that were there from the beginning*." *Sinclair*, 289 U.S. at 698 (emphasis added).

There is no credible argument that Skyhook's 2014 acquisition price is reflective of elements of value that were present some **six years earlier** at the time of the 2008 hypothetical negotiation. The temporal distance between the date of the hypothetical negotiation and the date of the acquisition is too great, *see, e.g.*, *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276-77 (Fed. Cir. 1999) (affirming district court exclusion of licenses granted several years after the date of the hypothetical negotiation as irrelevant), and thus, the acquisition price's connection with anything relevant at the time of the hypothetical negotiation too attenuated to be considered under such a limited exception as the Book of Wisdom.

Further rendering consideration of Skyhook's 2014 acquisition price inappropriate under the Book of Wisdom is the fact that Google's ongoing willful infringement over the last six years and Skyhook's loss of multimillion-dollar contracts with Motorola, Samsung, and other OEMs

---

[1] Moreover, Google does not even seek to use this evidence substantively. For example, Google's damages expert, Dr. Jonathan Putnam, makes no substantive use of Skyhook's 2014 acquisition value but only uses the evidence to discredit Skyhook's damages expert, Professor Stephen Magee. *See* Ex. 1 (Corrected Expert Report of Jonathan Putnam, Oct. 31, 2014) ¶¶ 587-591. Consideration of post-hypothetical negotiation evidence, the only purpose of which would be to prejudice the patentee, should be disfavored.

have severely depressed Skyhook's valuation. *See* Ex. 2 (Corrected Expert Report of Stephen Magee, Aug. 26, 2014) ¶ 394 ("Skyhook's acquisition price of $60 million in early 2014, after at least five years of Google's ongoing infringement, does not affect my analysis of the value of Skyhook's Patent-in-Suit in a hypothetical negotiation between Google and Skyhook in October 2008, and in fact, that price reflects the damage Google's infringement has brought upon Skyhook."); *see generally id.* ¶¶ 392-394. These events could not have been known at the time of the hypothetical negotiation. Rather, at the time of the hypothetical, Skyhook's prestigious collaboration with Apple in early 2008 generated positive expectations as to Skyhook's value and continued rise. Indeed, Google's own internal communications reveal that Google realized the significant value of the Skyhook-Apple deal. *See* Ex. 3 (Exhibit 43 to Deposition of Vivek Gundotra, July 24, 2013) at GOOGSKYFED_0163757-0163759.

Google's alleged ████████████████████████████ and its alleged ████████████████████████████████████████████████████████████ ████████████████████████████ could not have been known at the time of ████████████████████ Rather, Google's ████████████████████ ████████████████████████████ Google's VP of Mobile Applications at the time, Vik Gundotra, pitched the value of location services to Steve Jobs: "In the end, we believe getting location is key to serving up the most relevant local ads when consumers search. █████ ████████████████████████████ and this is an area where we plan to continue to be a very strong contender." *See* Ex. 4 (Exhibit 34 to Deposition of Vivek Gundotra, July 24, 2013) at GOOGSKYFED_0160031-0160032. Google's product manager for mobile search ads also stated in no uncertain terms around the time of the hypothetical negotiation, █████████

5

███████████████████████████████ *See* Ex. 5 (Exhibit 14 to Deposition of Surojit Chatterjee, January 16, 2014) at GOOGSKYFED_2943798.

As this evidence would devalue the Patents-in-Suit, it is antithetical to the expectations of either party at the time of the hypothetical negotiation, and is not derivative from anything that could have been known at the time of the hypothetical negotiation. Therefore, it should not be considered under the guise of Book of Wisdom for purposes of calculating reasonable royalty damages in this case.

For the reasons described above, Skyhook respectfully asks this Court to enter an Order precluding consideration of evidence that post-dates the October 2008 date of the hypothetical negotiation in this case for purposes of calculating reasonable royalty damages. Specifically, Skyhook respectfully asks this Court to enter an Order:

1. Precluding Google from offering evidence of, or making reference to, the 2014 Acquisition Price for Skyhook;

2. Precluding Google from offering evidence of, or making reference to, Google's Alleged ███████████████████████████████ and

3. Precluding Google from offering evidence of, or making reference to, Google's Alleged ███████████████████████████████████████████

Dated: January 27, 2015         Respectfully submitted,

                                 /s/    *Matthew D. Powers*
                                Matthew D. Powers (*pro hac vice*)
                                Steven S. Cherensky (*pro hac vice*)
                                Paul T. Ehrlich (*pro hac vice*)
                                William P. Nelson (*pro hac vice*)
                                Azra M. Hadzimehmedovic (*pro hac vice*)
                                Aaron M. Nathan (*pro hac vice*)

6

Samantha A. Jameson (*pro hac vice*)
Annaka Nava (*pro hac vice*)
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Phone:  (650) 802-6000
Fax:  (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
azra@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
annaka.nava@tensegritylawgroup.com

Thomas F. Maffei (BBO 313220)
Scott McConchie (BBO 634127)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Phone: (617) 646-2000
Fax: (617) 646-2222
Email:
tfmaffei@sherin.com
smcconchie@sherin.com

*Attorneys for
Skyhook Wireless, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015, a true copy of the foregoing document described as **Skyhook Wireless, Inc.'s Motion *In Limine* No. 5: Motion To Exclude Certain Evidence Post-Dating Hypothetical Negotiation** was served by electronic service to the individuals and list groups listed below:

    wabrams@steptoe.com
    sdutta@steptoe.com
    Googlesky_SJ-KVN@KVN.com
    benjamin.stern@hklaw.com
    jd.smeallie@hklaw.com

Executed on January 27, 2015 at Redwood Shores, CA.

                                               */s/   Gloria Torres*
                                               Gloria Torres

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYHOOK WIRELESS, INC., | ) |
| Plaintiff and Counterclaim-Defendant, | ) Civil Action No. 1:10-cv-11571-RWZ |
| v. | ) and |
| GOOGLE INC., | ) Civil Action No. 1:13-cv-10153-RWZ |
| Defendant and Counterclaimant. | ) |

**[PROPOSED] ORDER GRANTING SKYHOOK WIRELESS, INC.'S MOTION *IN LIMINE* NO. 5: MOTION TO EXCLUDE CERTAIN EVIDENCE POST-DATING HYPOTHETICAL NEGOTIATION**

WHEREAS on January 27, 2015, Skyhook Wireless, Inc. ("Skyhook") moved this Court for an Order precluding consideration of evidence that post-dates the October 2008 date of the hypothetical negotiation in this case for purposes of calculating reasonable royalty damages.

WHEREAS the Court, having considered the parties' briefing, supporting materials, and arguments, GRANTS Skyhook's Motion.

IT IS HEREBY ORDERED that

Evidence that post-dates the date of the hypothetical negotiation shall not be considered for purposes of calculating reasonable royalty damages in this case.

IT IS FURTHER ORDERED that

Defendant Google is precluded from offering evidence of, or making reference to, the 2014 Acquisition Price for Skyhook for purposes of calculating reasonable royalty damages in this case.

IT IS FURTHER ORDERED that

1

Defendant Google is precluded from offering evidence of, or making reference to, Google's Alleged ███████████████████████████████ for purposes of calculating reasonable royalty damages in this case.

IT IS FURTHER ORDERED that

Defendant Google is precluded from offering evidence of, or making reference to, Google's Alleged ███████████████████████████████████ for purposes of calculating reasonable royalty damages in this case.

IT IS SO ORDERED
Dated: _____    _____

The Honorable Rya W. Zobel
United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 26, 2015, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will issue an electronic notification of filing to all counsel of record.

*/s/ Matthew D. Powers*
Matthew D. Powers
